Alan A. KORTE, Claimant/Respondent,

v.

**FRY–WAGNER MOVING & STORAGE COMPANY, Employer/Appellant,**

and

**Vanliner Insurance Company, Insurer/Appellant.**

No. 69064.

Missouri Court of Appeals, Eastern District, Division Five.

March 26, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1996.

Application to Transfer Denied June 6, 1996.

Carl Kessinger, Evans & Dixon, St. Louis, for appellant.

John P. Madigan, Jr., Madigan & Olson, St. Louis, Richard R. Veit, Veit & Eastman, Hazelwood, for respondent.

CRANE, Chief Judge.

Employer and insurer appeal from a temporary or partial award in claimant's favor issued by the Labor and Industrial Relations Commission. We dismiss for lack of jurisdiction.

On November 18, 1992 claimant Alan A. Korte injured his back while working for employer Fry–Wagner Moving & Storage. Claimant immediately reported the incident to employer's personnel safety director. Employer and insurer, Vanliner Insurance Company, did not deny all liability under the statute. It provided medical care and temporary total disability benefits.

On July 9, 1993 claimant filed a claim for compensation with the Division of Workers' Compensation. Employer and insurer admitted that claimant sustained an accidental injury and asserted that all necessary compensation benefits and medical care had been provided.

Dr. Sherwyn Wayne examined claimant on October 31, 1994 at employer's request. Dr. Wayne recommended a myelogram and post-myelogram Computerized Axial Tomography (CT) scan to definitively establish the patient's diagnosis, but employer did not provide the tests.

At the hearing before the Administrative Law Judge, the parties stipulated the following issues:

1. Is the employee's injury the medical cause of employee's disability condition and need for future medical care?

2. Is the employer liable for future medical care?

3. Is the employer liable for permanent partial disability and, if so, what is the nature and extent of that liability?

4. Is the claimant entitled to cost under section 287.560 R.S.Mo 1994.

The ALJ issued a "temporary or partial award" in claimant's favor which ordered the employer and insurer to follow their doctor's recommendation and conduct a myelogram and a post-myelogram CT scan and to provide the results of this testing to the court and to claimant's attorney. The ALJ specifically left the issues of medical causation and the need for future treatment as well as credibility issues open, to be resolved after the test results were available. The ALJ granted claimant's motion for costs incurred by employer's failure to stipulate to the admission of employer's doctors' medical reports. Employer and insurer appealed the award to the Labor and Industrial Relations Commission, challenging the order requiring the additional tests and the award of costs.

In affirming and adopting the ALJ's award, the Commission stated:

The above-entitled workers' compensation case is submitted to the Labor and Industrial Relations Commission for review as provided by § 287.480 RSMo. Section 287.480 RSMo provides for review concerning the issue of liability only. Having reviewed the evidence and considered the whole record concerning the issue of liability, the Commission finds that the award of the administrative law judge in this regard is supported by competent and substantial evidence and was made in accordance with the Missouri Workers' Compensation Act. Pursuant to § 286.090 Revised Statutes of Missouri, the Commission hereby affirms and adopts the award of the administrative law judge dated April 28, 1995.

This award is temporary or partial, is subject to further order and the proceedings are hereby continued and kept open until a final award can be made. If this award is not complied with, any amounts that may be due hereunder may be doubled in the final award, if such final award is in accordance herewith.

Employer and insurer appeal. On appeal they contend that the order to provide the myelogram and post-myelogram CT scan is in excess of the Commission's powers and that the evidence in the record supports a finding of no causation.

■ Claimant has filed a motion to dismiss for lack of jurisdiction on the ground that the ALJ's award was not a final judgment. We ordered the motion to dismiss taken with the case and now dismiss for lack of jurisdiction.

■ There is no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. *Hillenburg v. Lester E. Cox Medical Ctr.*, 879 S.W.2d 652, 655 (Mo.App.1994). Section 287.495 authorizes an appeal from the "final award of the commission" to the appellate court. *Id.* A "final award" is one which disposes of the entire controversy between the parties. *Id.* Only a final award is appealable. *Abrams v. Ohio Pac. Express*, 819 S.W.2d 338, 343 (Mo. banc 1991).

■ Section 287.510 authorizes the making of temporary or partial awards which may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award.

No appeal lies from a temporary or partial award made pursuant to § 287.510. *Abrams,*

819 S.W.2d at 343. An order lacks finality where it remains tentative, provisional, contingent subject to recall, revision or reconsideration by the issuing agency. *Hillenburg,* 879 S.W.2d at 655.

However, in two situations reviewing courts have looked behind an award's designation as "temporary or partial" to determine if it is in fact a final award for the purposes of appeal. First, where an award designated "temporary and partial" is not entered pursuant to § 287.510 but is an award of permanent total disability pursuant to § 287.200.2, there is a final appealable award. *Abrams,* 819 S.W.2d at 343; *Smith v. Ozark Lead Co.,* 741 S.W.2d 802, 808–10 (Mo.App.1987).

Second, an appellate court may review the issue of the employer's liability where an employer claims it is not liable for paying any compensation. *Woodburn v. May Distrib. Co.,* 815 S.W.2d 477 (Mo.App. 1991); *Stufflebean v. Crete Carrier Corp.,* 895 S.W.2d 115 (Mo.App.1995). Thus, a court can review the issues on which liability turns, such as notice, *Hillenburg,* 879 S.W.2d at 654, or whether an employee's injuries are work-related. *Eubanks v. Poindexter Mechanical Plumbing & Heating,* 901 S.W.2d 246, 247 (Mo.App.1995).

This case does not fall within either situation. The Commission's order expressly tracks the language of § 287.510 and is clearly a temporary or partial award under that statute. Employer and insurer have admitted the accident and their liability for total temporary disability and past medical care is undisputed. The Commission has not yet resolved the issue of liability with respect to the claimant's disability and need for future medical care. Employer and insurer challenge the Commission's authority to order them to provide further medical tests. This type of challenge, that the temporary or partial award does not comply with provisions of the workers' compensation statutes, is not reviewable on appeal from a temporary or partial award. *Hillenburg,* 879 S.W.2d at 655–56.

The Commission's award is not a final award. This Court is without jurisdiction to hear this appeal.

Appeal dismissed. Motion for damages for frivolous appeal denied.

CRAHAN, J., and CHARLES B. BLACKMAR, Senior Judge, concur.