**Larry SUTTON, Claimant/Respondent,**

v.

**VEE–JAY CEMENT CONTRACTING CO., INC., Employer/Appellant.**

**No. 70042.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 3, 1996.

Rehearing Denied Jan. 30, 1997.

Dale E. Gerecke, Cape Girardeau, for employer/appellant.

Harry J. Nichols, St. Louis, for claimant/respondent.

GRIMM, Judge.

Employer appeals from temporary or partial awards in employee's favor. It contends that the December 19 award "disposed of the controversy between the parties" and is therefore appealable. We disagree and dismiss for lack of jurisdiction.

## I. Background

The parties stipulated that on July 27, 1994, employee sustained an injury. Further, the injury "arose out of and in the course of his employment."

In addition, the parties stipulated that employer had paid medical and temporary total disability benefits, totalling $2,263.75 and $5,647.32, respectively. These benefits represented a time period from the time of the accident through October 24, 1994.

On August 9, 1995, the administrative law judge issued a Temporary or Partial Award. In that award, he found that employee was "entitled to further medical care to cure and relieve him of the effects of the injury." However, the award limited this care to a "myelogram and post CT scan."

Moreover, the ALJ specifically reserved two issues. The first was the "claim for temporary total disability benefits pending receipt of the results of the myelogram and post CT scan." The second was "the assessment of any permanent partial disability," including the liability of the Second Injury Fund. He also indicated he might receive "further evidence."

Apparently employer did not furnish the ordered myelogram and CT scan. On October 3, 1995, employee moved for an order that he be allowed to select a medical provider for these procedures. On October 6, 1995, the ALJ issued such an order, directing insurer to pay the costs thereof.

On December 4, 1995, the ALJ conducted a second hearing. On December 19, 1995, he issued another Temporary or Partial Award. In that award, the ALJ struck employer's answer for failure to comply with previous orders. Further, he indicated he would disregard all evidence employer elicited.[1] *See* § 287.650.1.[2]

Employer filed an Application for Review with the Labor and Industrial Relations Commission. The Commission dismissed the application. In dismissing, the Commission noted that on August 9, 1995, the ALJ issued a Temporary or Partial Award finding employer liable to employee for the injuries he sustained. Further, the Commission observed that the Application for Review was filed January 3, 1996. It therefore dismissed the application as untimely.

## II. Commission's Dismissal of Appeal

In its sole point, employer asserts that the Commission erred in dismissing its appeal. It contends that the application was timely filed within twenty days of the December 19, 1995 award. Further, it maintains the December 19 award "disposed of the controversy between the parties" and "thus, [employer was] aggrieved and that the temporary award was then reviewable by the Commission."

Section 287.510 allows an ALJ to enter a temporary or partial award. When such an award is made, it "may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made." *Id.*

■ Both the August 9 and December 19 awards are titled "Temporary or Partial Award." More importantly, in the August award, the ALJ specifically reserved "deciding the claim for temporary total disability benefits" and "the assessment of any permanent partial disability." In the December award, the ALJ found employee was entitled to future temporary total disability "until such time as there is further order of this Division." Neither award disposes of the entire controversy between the parties and thus neither was appealable. *Hillenburg v. Lester E. Cox Medical Ctr.*, 879 S.W.2d 652, 655 (Mo.App. S.D.1994).

■ Appellate courts have held that generally no appeal "lies from a temporary or partial award made pursuant to § 287.510." *Korte v. Fry–Wagner Moving & Storage Co.*, 922 S.W.2d 395, 397 (Mo.App. E.D.1996); *Hillenburg*, 879 S.W.2d at 655. However, in two situations, appellate courts look behind the award's designation to determine if in

---

1. Present appellate counsel did not represent employer and insurer at the time of the hearings and awards.

2. All statutory references are to RSMo 1994.

fact the award is a final award for appeal purposes.

One situation is where the temporary or partial award is actually an award of permanent total disability entered pursuant to § 287.200.2. *Korte*, 922 S.W.2d at 398. The other is where an employer claims it is not liable for paying ANY compensation. *Id.* Neither situation exists here.

In the case before us, the award was not an award of permanent total disability. Nor did employer contend it is not liable for paying any compensation. To the contrary, at the first hearing, employer stipulated that employee sustained an accident which arose out of and in the course of his employment. Further, it stipulated it had paid medical and temporary total disability benefits. Finally, it agreed with the ALJ's statement that the issues were (1) employee's request for temporary total disability benefits and further medical benefits and (2) employer's contest of medical causation, and "if there is any permanent partial disability, the employer requests that it be assessed at this time." Point denied.

The Commission's award is not a final award. This court is without jurisdiction to hear this appeal.

Appeal dismissed.[3]

---

**3.** Employee's motion to dismiss appeal for lack of jurisdiction ordered taken with the case is denied as moot.