Teddy Ray CHAPMAN,
Employee/Respondent,

v.

DIDION & SONS FOUNDRY
CO., Employer/Appellant.

No. ED 79528.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 2001.

Timothy James Walk, St. Louis, MO, for respondent.

Robert Lee Hinson, III, Mary Anne Lindsey, Evans & Dixon, L.L.C., St. Louis, MO, for appellant.

RICHARD B. TEITELMAN, Judge.

Didion & Sons Foundry Company ("Employer") appeals from an order of the Labor and Industrial Relations Commission ("Commission") which reinstated the workers' compensation claim of Teddy R. Chapman ("Claimant") after an administrative law judge dismissed the claim for failure to prosecute. Employer argues on appeal that the Commission lacked jurisdiction to enter its order because Claimant's application for review seeking such relief was untimely filed. Because the order that is the subject of Employer's appeal is not a final award, we lack appellate jurisdiction and accordingly dismiss the appeal.

*Background*

Claimant filed a claim for compensation alleging that he had sustained injuries to his eyes and face while repairing a machine at Employer's plant. On December 14, 2000, after Claimant failed to appear at a scheduled hearing, the ALJ issued an order dismissing his claim for failure to

prosecute. Approximately three months later, Claimant filed an application for review with the Commission seeking to have the ALJ's Order of Dismissal set aside. The application for review alleged, *inter alia,* that Claimant had been unable to attend the scheduled hearing because at the time he had been incarcerated in the St. Charles County jail.

On April 14, 2001, the Commission entered its order in this matter. After an analysis of relevant case law, the Commission concluded that although a workers' compensation claim may not be dismissed for failure to prosecute solely because a claimant is incarcerated and unable to attend a scheduled hearing, an incarcerated claimant nevertheless "has an obligation to prosecute his claim with the tools that he has available, and if represented, then through his counsel." The Commission further found that in his application for review Claimant had "allege[d] facts, which if true, may constitute good cause for the failure to participate in the scheduled hearing and for filing his Application for Review in an untimely manner." The Commission specifically noted that its review of the file indicated that Claimant may not have received notice of the Order of Dismissal, in that a copy of the certified envelope was marked "return to sender."

Accordingly, the Commission, citing *Eighmy v. Tandy/O'Sullivan Industries,* 867 S.W.2d 688, 691 (Mo.App. S.D.1993), remanded the matter to the Division of Workers' Compensation for an evidentiary hearing. The Division was ordered at the remand hearing "to fully develop the facts" regarding (1) the failure of Claimant to appear at the scheduled hearing, (2) whether Claimant or his counsel notified the Division of his incarceration, (3) wheth-

er Claimant or his counsel requested a postponement of the matter, (4) what efforts, if any, Claimant or his counsel had made to prosecute the claim prior to the Order of Dismissal, (5) the circumstances leading to dismissal of the claim for failure to prosecute, and (6) when Claimant received notice of the Order of Dismissal.

Employer appeals from the Commission's order.

### Discussion

In its sole point on appeal, Employer contends the Commission lacked jurisdiction to do anything other than dismiss Claimant's application for review because the application was untimely under § 287.480 RSMo (2000), in that it was filed more than twenty days after the ALJ's award.[1] Relying upon our holdings in *Knuckles v. Apex Industries,* 762 S.W.2d 542, 543 (Mo.App. E.D.1988) and *Merritt v. Shoney's, Inc.,* 925 S.W.2d 494, 495 (Mo. App. E.D.1996), Employer argues that the timely filing of an application for review is jurisdictional, and that the statute does not allow a good cause exception for filing out of time. Before we may consider the merits of this claim, however, we must first determine whether we have appellate jurisdiction. *Beckmann v. Miceli Homes, Inc.,* 45 S.W.3d 533, 538 (Mo.App.E.D. 2001). We conclude that we do not.

Only a "final award" of the Commission is appealable. *Korte v. Fry-Wagner Moving & Storage Co.,* 922 S.W.2d 395, 397 (Mo.App. E.D.1996). On September 4, 2001, this Court issued an order in the instant case noting that the Commission's order of April 14, 2001 does not appear to be a final award, and directing Employer to file a memorandum of law

---

1. A dismissal of a claim for failure to prosecute is an award, subject to review and appeal in the same manner as other workers' compensation awards. *Shelton v. Missouri Baptist Medical Center,* 998 S.W.2d 832, 834 (Mo. App. E.D.1999).

addressing this jurisdictional issue. In response, Employer has filed a memorandum which essentially argues that the Commission's order must be appealable if it was entered without jurisdiction. However, appellate jurisdiction in workers' compensation cases is expressly limited by statute, and the mere fact that an order of the Commission may arguably have been entered without jurisdiction would not make the order appealable if it is not a final award.[2] See *Korte,* 922 S.W.2d at 397. The Commission's order here is not a final award, because it does not dispose of the entire controversy between the parties. *Id.*

Accordingly, the appeal herein is dismissed.

WILLIAM H. CRANDALL, JR., J., and CLIFFORD H. AHRENS, J., concur.

**2.** Employer has not challenged the Commission's jurisdiction to enter the complained of order by means of seeking a writ of prohibition. See *State ex rel. Famous Barr Co. v. Labor and Indus. Relations Commission,* 931 S.W.2d 892, 893 (Mo.App. W.D.1996), *overruled on other grounds, Farmer v. Barlow Truck Lines,* 979 S.W.2d 169, 170 (Mo. banc 1998).