Greg SHER, Respondent/Employee,

v.

McCARTHY BROTHERS,
Appellant/Employer,

and

Liberty Mutual Ins. Company,
Appellant/Insurer.

No. ED 83096.

Missouri Court of Appeals,
Eastern District,
Division One.

April 13, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 26, 2004.

---

John F. Sander, Valentine & Rouse, St. Louis, MO, for appellant.

Gary J. Sanguinet, Brown & Crouppen, P.C., St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

McCarthy Brothers (Employer) and Liberty Insurance Company (Insurer) appeal the Temporary or Partial Award of the Labor and Industrial Relations Commission (Commission) which affirmed and adopted the Temporary or Partial Award of the Administrative Law Judge (ALJ) in favor of Greg Sher (Employee). On appeal, Employer argues that in affirming the ALJ's award, the Commission erred in (1) ordering an examination by an impartial physician to evaluate the Employee and prepare a medical report and (2) finding there was sufficient competent evidence to rule in Employee's favor. We dismiss for lack of jurisdiction.

Employee testified that he developed an occupational disease injury to his left elbow and left knee when he worked as an operating engineer for Employer from August 3, 1998 to December 22, 1998, and from May 14, 1999 to May 20, 1999. Both of the conditions were surgically repaired in April and May 1999. Employer denied all liability, and therefore paid no compensation and provided no medical aid to Employee on his claim. The ALJ found that Employee had suffered a fifteen-percent degree of permanent partial disability as a result of the 1998–1999 employment. Pending an examination by an impartial physician to evaluate the Employee and prepare a medical report, the ALJ entered a Temporary or Partial Award without deciding whether Employee had sustained a compensable accident or occupational disease arising out of his employment with Employer.[1] The ALJ did not make a liability determination.

---

1. Section 287.210.2, RSMo authorizes an ALJ or the Commission to order an examination

Employer appealed to the Commission. The Commission affirmed the ALJ's award. Employer now appeals.

 Employee urges us to dismiss the appeal for lack of jurisdiction on the ground that the Commission's award is not final. While we have jurisdiction to review an award pursuant to Section 287.495, RSMo 2000,[2] which authorizes an appeal from the final award of the Commission, no appeal usually lies from a temporary or partial award. *Hillenburg v. Lester E. Cox Medical Center*, 879 S.W.2d 652, 655 (Mo.App. S.D.1994). An order is deemed "temporary or partial" "where it remains tentative, provisional, contingent, subject to recall, revision or consideration by the issuing agency." *Id.* Appellate review on the issue of liability in a workers' compensation case, however, is permissible although an award is denominated "temporary or partial." *Cahall v. Cahall*, 963 S.W.2d 368, 371 (Mo.App. E.D.1998).

 We note that the Commission's award entitled "Temporary Or Partial Award" is made pursuant to Section 287.510.[3] In addition, its provisions comported with those of Section 287.510 in that the award states:

> This award is only temporary or partial, is subject to further order and the proceedings are hereby kept open until a final award can be made.

The award in the present case is not a final award but rather one which is temporary or partial pursuant to Section 287.510.

by a qualified impartial physician "when deemed necessary." Given the conflicting medical opinions presented at trial, the ALJ stated in his temporary award that he was unable to determine compensability.

2. All further statutory references are to RSMo 2000 unless otherwise indicated.

3. Section 287.510 states:

Since no liability was fixed and no benefits were awarded pending a determination of compensability, we have no jurisdiction to review the issues presented.

Appeal dismissed.

GARY M. GAERTNER, SR., P.J. and MARY R. RUSSELL, J., concur.

In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award.