Charles JENNINGS, Respondent,

v.

CRESTSIDE HEATING & COOLING, Appellant.

No. ED 83850.

Missouri Court of Appeals, Eastern District, Division Four.

July 6, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 17, 2004.

Application for Transfer Denied Sept. 28, 2004.

John J. Johnson, Jr., Brown & James, P.C., St. Louis, MO, for appellant.

Michael A. Gerritzen, Gerritzen & Gerritzen, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

Crestside Heating & Cooling ("Employer") appeals the Labor and Industrial Relations Commission's ("Commission") Order dismissing its Application for Review of the Administrative Law Judge's ("ALJ") temporary or partial award to Charles Jennings ("Claimant"). We dismiss the appeal for lack of jurisdiction.

## I. Background Facts [1]

Claimant was twenty-seven years old and worked as a heating, ventilating, and air conditioning ("HVAC") technician for approximately five years at the time of his work-related injury. On July 19, 2002, while lifting and moving a four-ton air conditioner, Claimant felt a sudden pop in his lower back and stabbing pain down his left leg. Claimant was taken by ambulance to the emergency room and was treated for a lower back injury. Two days later, Claimant was discharged and continued treatment with Dr. Russell Cantrell, the Employer's provided physician. Dr. Cantrell treated Claimant until October 14, 2002 at which point it was determined no further medical treatment was necessary. Employer provided medical benefits in the amount of $5,191.04 and temporary disability benefits in the amount of $7,555.41 while Claimant was treated by Dr. Cantrell.

Claimant returned to worked for six weeks, from October 15, 2002 to November 11, 2002, but continued to experience burning in his left thigh and shooting pains, severe soreness, stiffness, and tightness in his lower back. Claimant returned to Dr. Cantrell on November 6, 2002 and November 13, 2002, who again found that no further treatment was necessary. Claimant sought additional treatment from his family physician, Dr. Jeffrey L. Draves, who prescribed various medications and instructed Claimant not to work. Dr. Draves referred Claimant to Dr. Anthony Anderson, a pain management specialist, who performed a series of epidural injections and recommended that Claimant undergo a discogram. Claimant also saw Dr. Raymond F. Cohen, an osteopathic neurologist, who opined that Claimant's lower back injury resulted from occupational disease and/or the July 19, 2002 injury. Dr. Draves and Dr. Cohen encouraged Claimant to see a spine surgeon. Claimant was unable to consult a spine surgeon without insurance and Employer refused to provide benefits.

Claimant filed a claim for compensation against Employer and the Second Injury Fund on March 14, 2003.[2] He alleged his lower back injury resulted from "heavy repetitive lifting and repetitive bending, stooping, and twisting, often in awkward

---

1. We consider the facts set forth in Respondent's Brief for purposes of this appeal. We note that Employer failed to include a "Statement of Facts" in its brief in violation of Missouri Rule of Civil Procedure 84.04(c).

2. The Second Injury Fund claim remains open pursuant to an agreement among the parties.

positions, as an HVAC installer leading to advanced degenerative changes and herniated discs in [his] low back and injury to his low back." He also alleged that on July 19, 2002, he injured his lower back while working. In Employer's Answer to Claim for Compensation, it stated "they are without sufficient facts or information upon which to base any conclusions pertaining to the Claim for Compensation filed herein and must, therefore, respectfully deny each and every ... said allegations contained in the Claim for Compensation not specifically admitted herein."

On July 18, 2003, the ALJ entered a temporary award for various benefits contingent upon a medical exam by an orthopedic surgeon. Both sides appealed to the Commission and, on August 22, 2002, the Commission found the ALJ lacked jurisdiction to order a medical exam under the circumstances. The case was remanded to determine an award based on the record before the ALJ.

The ALJ issued a second award on October 8, 2003, in favor of Claimant for temporary partial disability benefits, medical expenses, future medical care, and costs of recovery. The ALJ found that Claimant's work as a HVAC technician was a substantial factor in causing his injury. In addition, the ALJ found that "claimant has not reached maximum medical improvement" and required further medical treatment for his lower back. The ALJ further determined that Claimant was temporarily and partially disabled on and after May 8, 2003 through June 16, 2003. The ALJ concluded that Claimant was in the healing period for his lower back, therefore, declined to assess permanent disability. Accordingly, the ALJ designated the award as temporary or partial, stating: "This award is only temporary or partial, is subject to further order, and the proceedings are hereby continued and the case kept open until a final award can be made." The ALJ also awarded costs pursuant to Section 287.203 RSMo (2002).[3]

Employer filed an Application for Review with the Commission on October 23, 2003, stating, "the award is temporary or partial, but the issues show that accident or occupational disease arising out of employment was disputed by employer. Pursuant to Commission Rule 8 CSR 20–3.040, the Employer contends that claimant is not entitled to any award and denies all liability for this claim." The Commission dismissed Employer's Application, citing 8 CSR 20–3.040 (2003) and emphasized that the employer/insurer must "deny all liability, not just liability for the temporary portion of the award." Employer filed a request for re-consideration on November 14, 2003. The Commission denied the request.

## II. Discussion

Claimant has filed a Motion to Dismiss the appeal on the grounds that this is an appeal of a temporary award and contests the extent and duration of the disability rather than all liability. Claimant's Motion to Dismiss was taken with the case.

 Appellate jurisdiction in workers' compensation cases is conferred by statute. *Schwarzen v. Harrah's St. Louis Riverport*, 72 S.W.3d 223, 224 (Mo.App. E.D.2002). Section 287.495 authorizes an appeal from the "final award of the commission" to the appellate court. *Id.* An award is final only when the Commission

---

**3.** All further statutory references are to RSMo (2002) unless otherwise noted. Section 287.203 provides, in relevant part, that where an employer who has provided compensation terminates such compensation, an employee may request a hearing to dispute the termination, and, if he or she prevails the division shall warrant cost of recovery.

arrives at a terminal, complete resolution of the case before it. *Forkum v. Arvin Industries, Inc.*, 956 S.W.2d 359, 362 (Mo. App. S.D.1997).

There is no dispute in this case that the ALJ issued a temporary or partial award rather than a final award. Employer, however, argues that review is appropriate where, as here, an allegation is made that the employer is not liable for payment of any compensation, citing *Korte v. Fry–Wagner Moving and Storage Co.*, 922 S.W.2d 395 (Mo.App. E.D.1996).

In *Korte*, we recognized that Section 287.510 authorizes temporary or partial awards. However, we also reiterate that "no appeal lies from a temporary or partial award made pursuant to Section 287.510." *Id.* at 397.

We have described two situations where an award designated as temporary or partial may nevertheless be considered final for purposes of appeal. *Id.* First, we may review an award if it is not entered pursuant to Section 287.510 but is an award for permanent total disability pursuant to Section 287.200.2. Second, we may review the award where the employer claims it is not liable for any compensation. *Schwarzen*, 72 S.W.3d at 224.

■ Despite Employer's claim that this appeal falls within the second situation described above, we disagree. The underlying award arose following a request for a hearing pursuant to Section 287.203. Section 287.203 provides for a hearing upon request whenever an employer has provided compensation and terminated such compensation. Here, prior to terminating compensation, the Employer provided medical benefits in the amount of $5,191.04 and temporary disability benefits in the amount of $7,555.41. Although the Employer now claims that it is disputing all liability, its only witness at the hearing, Dr. Cantrell, admitted that Claimant's July 19, 2002 injury was work-related. Moreover, Employer did not dispute that it had paid medical costs and temporary disability following the injury. Regardless of how Employer now characterizes the dispute, it is clear from a review of the record that Employer is disputing the extent and duration of liability, rather than all liability. Accordingly, the Commission's award is not a final award. This Court is without jurisdiction to hear this appeal. Accordingly, we dismiss the appeal.

BOOKER T. SHAW, P.J., and LAWRENCE G. CRAHAN, J., Concur.