James **BOLDEN**, Respondent,

v.

**SCHNUCKS MARKETS, INC.**, Appellant.

No. ED 85408.

Missouri Court of Appeals, Eastern District, Division One.

July 12, 2005.

---

Mary Anne Lindsey, Robert N. Hendershot, St. Louis, MO, for Appellant.

Nicholas B. Carter, St. Louis, MO, for Respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Schnucks Markets, Inc. ("Employer"), appeals the "Temporary Award Allowing Compensation" of the Labor and Industrial Relations Commission ("the Commission"). The Commission found that Respondent, James Bolden ("Employee"), is entitled to temporary total disability benefits and additional medical care/surgical intervention. We dismiss this appeal.

Claimant was hired by Employer on December 14, 1998. During this employment, Claimant worked in the maintenance department. Claimant's job entailed emptying trash, cleaning walls, moving supplies, scrubbing floors, etc. On August 22, 2002, while working at a Schnucks in Ladue, Claimant was standing on top of a dairy cooler moving supplies from a pallet onto the top of the cooler. After moving the supplies, Claimant stepped onto a ladder to come down. Claimant slipped off the ladder, and fell approximately 10 feet to the ground.

For the next two weeks, Claimant continued to perform his duties. However, on September 6, 2002, Claimant told his assistant manager about the accident and the back pain he was experiencing. That same day, he received treatment at the emergency room in St. Mary's Hospital. On September 17, 2002, Claimant returned to work with the restriction that he was not to lift anything weighing over ten pounds. One week later, Claimant, while continuing to receive treatment for his back problems, resumed performance of full duty work. Claimant's employment for Employer ended on August 21, 2003.

On December 11, 2002, Claimant filed a claim for compensation alleging that he injured his lower back and body as a whole on August 22, 2002 during the course and scope of employment. On December 13, 2002, Claimant filed an amended claim alleging that he injured his lower back, thoracic spine, and body as a whole. In its answer, Employer admitted that Claimant sustained accidental injury on or about August 22, 2002, for which all necessary compensation benefits and medical aid were provided. On May 4, 2004, Administrative Law Judge Edwin J. Kohner ("the ALJ") held a hearing on Claimant's amended claim.

On June 14, 2004, the ALJ issued his "temporary or partial" award. The ALJ denied Claimant's request for an anterior

lumbar interbody fusion and temporary total disability. However, the ALJ did order that an independent medical examination be conducted pursuant to section 287.210 RSMo 2000[1] to determine whether pain management treatment was necessary as a result of the accident.

On July 1, 2004, Employer filed its application for review with the Commission contending that the ALJ exceeded his authority in appointing Dr. Anthony Guarino ("Dr.Guarino"), pursuant to section 287.210, for the purpose of determining whether pain management was appropriate for Claimant. Claimant did not file a cross-appeal in an attempt to challenge the ALJ's denial of his request for an anterior lumbar interbody fusion and temporary total disability. On November 3, 2004, the Commission issued its "Temporary Award Allowing Compensation." The Commission held that the ALJ's order for a medical examination did not comply with section 287.210, because the ALJ failed to indicate who was to pay for the examination and report prepared by Dr. Guarino. The Commission went on to find that Claimant was entitled to temporary total disability at the rate of $241.66 per week, beginning on September 29, 2003, "and to continue until such time as further award or order is issued addressing temporary total disability." Additionally, the Commission found additional medical care/surgical intervention is necessary to cure and relieve Claimant from the affects of his injury. The Commission remanded the case for further proceedings as appropriate and stated that its award "is temporary or partial in nature, is subject to further order and shall be kept open until a final award can be made." This appeal by Employer followed.

In its only point on appeal, Employer argues the Commission exceeded its jurisdiction under the Workers' Compensation Act in reversing the ALJ's award concerning temporary total disability benefits and future medical treatment, because the Employer's application for review filed with the Commission raised only the issue of whether the ALJ erred in ordering an independent medical examination pursuant to section 287.210.

■■■ We only have jurisdiction in workers' compensation cases as expressly conferred by statute. *Korte v. Fry–Wagner Moving & Storage Co.*, 922 S.W.2d 395, 397 (Mo.App. E.D.1996). Pursuant to section 287.495, an appeal from the "final award of the commission" to the appellate court is authorized. *Id.*, *quoting Hillenburg v. Lester E. Cox Medical Ctr.*, 879 S.W.2d 652, 655 (Mo.App. S.D.1994). However, no statutory authority exists for an appeal from a temporary or partial award made pursuant to section 287.510. *Abrams v. Ohio Pacific Exp.*, 819 S.W.2d 338, 343 (Mo.banc 1991). Even if an order of the Commission may arguably have been entered without jurisdiction, this does not make the order appealable if it is not a final award. *Chapman v. Didion & Sons Foundry Co.*, 63 S.W.3d 305, 307 (Mo.App. E.D.2001).

■■■ The two situations in which appellate courts will treat the Commission's award as a final award for purposes of an appeal despite the award's designation as temporary are: 1) where an award designated temporary is not in fact entered pursuant to section 287.510, but is an award of permanent total disability pursuant to section 287.200; and 2) where an employer claims it is not liable for paying *any* compensation we may review the issue of the employer's liability. *Korte*, 922 S.W.2d at 398 (emphasis added). Under

---

**1.** All statutory references are to RSMo 2000    unless otherwise indicated.

the second exception, a court can review the issues on which liability turns, such as notice or whether an employee's injuries are work-related. *Id.*

In this case, the Commission made it clear in its opinion that it issued a temporary award pursuant to section 287.510 rather than an award of permanent total disability pursuant to section 287.200. Thus, the first exception recognized in *Korte* clearly does not apply here.

As for the second exception, at the hearing before the ALJ, Employer stipulated that: 1) Claimant suffered an injury arising out of and in the course of his employment for Employer; 2) Employer had notice of the injury; and 3) a timely claim for compensation was filed. Employer also stipulated that Claimant has received $6,708 in medical aid from Employer. Under these circumstances, it is apparent that Employer is disputing the extent and duration of liability, rather than all liability. *See Sutton v. Vee–Jay Cement Contracting Co., Inc.,* 937 S.W.2d 334, 336 (Mo.App. E.D.1996), *and Jennings v. Crestside Heating & Cooling,* 142 S.W.3d 843, 846 (Mo.App. E.D.2004). Thus, the Commission's temporary award cannot be considered a final award for purposes of appeal. Point denied.

Therefore, we dismiss this appeal based on lack of jurisdiction to hear the claim.

SHERRI B. SULLIVAN, J. and BOOKER T. SHAW, J., concur.