Charles W. BOCK (deceased), through Alice BOCK, Claimant/Respondent/Cross–Appellant,

v.

BROADWAY FORD TRUCK SALES, INC. Employer/Appellant/Cross–Respondent,

and

Reliance Insurance Company c/o Illinois Insurance Guarantee Association, Insurer/Appellant/Cross–Respondent,

and

Second Injury Fund, Additional Party.

No. ED 84997.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 9, 2005.

Evans & Dixon, LLC, Mary A. Lindsey, David S. Ware, St. Louis, MO, for Broadway Ford Truck Sales, Inc. and Reliance Insurance Company.

Robert J. Lenze, St. Louis, MO, for Respondent/Cross/Appellant Charles Bock.

Jeremiah W. (Jay) Nixon, Attorney General, Kareitha A. Osborn, Assistant Attorney General, St. Louis, MO, for Second Injury Fund.

Before LAWRENCE E. MOONEY, P.J. and CLIFFORD H. AHRENS, J. and MARY K. HOFF, J.

**PER CURIAM.**

This workers' compensation matter is before us after proceedings before the Labor and Industrial Relations Commission (Commission) upon remand after our earlier opinion in *Bock v. Broadway Ford Truck Sales, Inc.*, 55 S.W.3d 427 (Mo.App. E.D.2001). Broadway Ford Truck Sales, Inc. (Employer) and Reliance Insurance Company c/o Illinois Insurance Guarantee Association (Insurer) appeal,[1] and Alice Bock (Claimant), surviving spouse of the employee, Charles W. Bock (Charles),[2] deceased,[3] cross-appeals from the August 6, 2004 Final Award of the Commission (the 2004 award). In the 2004 award, the Commission found Charles sustained 17.5% permanent partial disability (PPD) as a result of an occupational disease; ordered Employer/Insurer to pay Claimant $19,489.40 in PPD benefits; found Charles was temporarily totally disabled (TTD) from his occupational disease from May 5, 1998, through July 16, 1998; ordered Employer/Insurer to pay Claimant TTD benefits for 10.3 weeks; found the Second Injury Fund (SIF) pursuant to agreement, was liable for 14 weeks or $3,897.88; allowed Claimant's attorney a fee of 25% of the

---

1. For convenience, we will refer to these parties together as Employer/Insurer and in the singular throughout this opinion.

2. We refer to the employee by his first name to distinguish him from Claimant. We do not mean any disrespect by using his first name.

3. Charles's death is unrelated to the injury and disease at issue in this case. Claimant was substituted for Charles during earlier proceedings. *See Bock,* 55 S.W.3d at 436.

benefits awarded for necessary legal services; and ordered past due compensation to bear interest. The Commission's 2004 award also included an "Alternative Award." We consolidated the parties' appeals. We vacate and set aside our earlier opinion to the extent it addressed any issue beyond the dismissal of Employer/Insurer's untimely appeal, and remand this matter to the Commission for the vacating of its 2004 and 2000 decisions, as well as the 1999 award of the Administrative Law Judge (ALJ), and for resolution of Claimant's claims, as amended.

Charles worked for Employer as a heavy truck mechanic. Charles's original and amended worker's compensation claims arose from back injuries he allegedly sustained as the result of a fall at work on April 23, 1998, and movements he performed as a mechanic. By its initial decision issued in 2000 (the 2000 award), the Commission modified and then affirmed a 1999 decision by an ALJ, which denied Claimant's claim for past medical expenses, future medical care, and TTD, and assessed PPD at 17.5% due to the occupational disease and not due to the accident. Claimant appealed, as did Employer/Insurer. *Bock, supra.*

In resolving that appeal in 2001, we dismissed Employer/Insurer's appeal as untimely, *Bock,* 55 S.W.3d at 435–36; reversed the PPD decision as going "beyond the issues stipulated for trial and . . . [as being] in excess of [the Commission's] power," *id.* at 436; affirmed the denial of past medical expenses and future medical care, *id.* at 437; reversed the TTD award to the extent the Commission had not addressed TTD "attributable to the occupational disease for the period from May 5, 1998, . . . to July 16, 1998," *id.* at 438; and affirmed the Commission's decision regarding the burden of proof, the credibility of a physician, and the denial of Claimant's

motion to submit additional evidence, *id.* at 438–39. We remanded the cause "to provide [Claimant] an opportunity to present evidence as to [Charles's] disability," *id.* at 436, and remanded the TTD determination due to the absence of a finding of "temporary disability, if any, attributable to the occupational disease for the period" May 5, 1998, to July 16, 1998. *Id.* at 438.

On remand the Commission sent the matter to the ALJ for a hearing at which Claimant could present evidence, and Employer/Insurer could present rebuttal evidence, regarding Charles's disability. The Commission directed the ALJ to rule on any evidentiary objections. In an order limiting the issues on remand, the ALJ noted the Commission's order did "not define what *specific* disability the claimant is allowed to present evidence about" and found TTD is "clearly a disability under the statute, [so] evidence and rebuttal evidence" would be allowed on both TTD and PPD. After that hearing, the Commission issued its 2004 award, which is the subject of this appeal and cross-appeal.

In its 2004 award, the Commission found Charles sustained 17.5% PPD as a result of an occupational disease; ordered Employer/Insurer to pay Claimant $19,489.40 in PPD benefits; found Charles was TTD from his occupational disease from May 5, 1998, through July 16, 1998; ordered Employer/Insurer to pay Claimant TTD benefits for 10.3 weeks; found the SIF, pursuant to an agreement, was liable for 14 weeks or $3,897.88; allowed Claimant's attorney a fee of 25% of the benefits awarded for necessary legal services; and ordered past due compensation to bear interest. The Commission's 2004 award also included an "Alternative Award."

In the "Alternative Award," the Commission set forth findings it would make if this "Court finds the Commission erred in

... [precluding the consideration of] evidence on issues other than [PPD] and [TTD] from May 5, 1998, through July 16, 1998, or ... the Court changes its previous decision." In contrast to the findings and conclusions the Commission made in its 2000 and 2004 awards, the Commission stated, in relevant part, that it would find:

[b]ased upon the evidence presented at the remand hearing, ... [Charles] sustained a herniated disc at L3–4 when he slipped and fell on April 23, 1998. The surgeries [Charles] underwent were necessitated by the accident on April 23, 1998. [Charles]'s diabetes was not a substantial factor in causing the condition of his back or radiculopathy. We would order Employer/Insurer to pay past medical expenses of $57,232.34. We would further order Employer/Insurer to pay [TTD] from May 5, 1998, through July 25, 2000, when Dr. Reynolds released [Charles]. We would further find that [Charles] sustained 25% [PPD] to his low back as a result of his work accident on April 23, 1998.

This appeal and cross-appeal followed.

In the first point of the appeal, Employer/Insurer urges the Commission erred and exceeded its jurisdiction in issuing an alternative award in that neither the Workers' Compensation Act nor the regulations promulgated pursuant to that Act authorize alternative awards by the Commission and such an award constitutes an advisory opinion. Employer/Insurer also contends the law of the case doctrine and collateral estoppel barred the Commission from relitigating, through the alternative award, the issues of medical causation, past medical expenses, TTD for any period

other than May 5, 1998, to July 16, 1998, and PPD for the accident.

In the second point of the appeal, Employer/Insurer argues the Commission erred as a matter of law in finding the ALJ's 1999 award and the Commission's 2000 award were not final awards and in finding the Court of Appeals, in its 2001 decision, compounded the error by affirming the Commission's findings regarding medical causation, past medical expenses, and TTD because neither the ALJ's 1999 award nor the Commission's 2000 award was issued pursuant to Section 287.510 RSMo 2000 or Section 287.203 RSMo 2000;[4] neither of those awards contained language indicating they were temporary or partial; those awards resolved the entire controversy between the parties, leaving nothing for determination at a later time; and the parties, the ALJ, the Commission, and the appellate court treated those awards as final awards.

In the first point of the cross-appeal, Claimant argues the Commission erred in concluding in its 2004 award that this Court's 2001 mandate, the doctrine of the law of the case, and collateral estoppel prevented the consideration and resolution of all issues Claimant presented at the remand hearing because exceptions to the law of the case doctrine applied; because the ALJ's 1999 award and the Commission's 2000 award were not final awards but instead were temporary or partial awards subject to change, modification, and amendment; and because Claimant filed an amended claim for compensation and presented evidence regarding that amended claim at the remand hearing.

---

4. The 1994 versions of these statutes, which were in effect at the time Employee's claims were filed and the ALJ issued her decision, and the 2000 versions of these statutes, which were in effect at the time of the Commission's 2000 decision, are identical. For convenience, we will cite to the 2000 versions of these statutes. All subsequent statutory citations will be to RSMo 2000 unless otherwise specified.

In the second point of the cross-appeal, Claimant contends the Commission erred in its alternative award to the extent the Commission failed to award medical expenses incurred by Charles for treatment before the initial hearing and 1999 award because that failure is inconsistent with all other findings and conclusions in the alternative award, in which the Commission found it was mistaken in its 2000 award and all medical treatment, including the first surgery in July 1998, was, in fact, medically caused by Charles's April 23, 1998 accident and his heavy truck mechanic work activities.

▮▮▮ Before addressing the merits of the points on appeal, we must determine whether subject matter jurisdiction exists. Subject matter jurisdiction may be considered at any time during the proceedings, *see Ringeisen v. Insulation Servs., Inc.* 539 S.W.2d 621 (Mo.App. E.D.1976), and may not be "conferred by consent or agreement of the parties, by appearance or answer, or by estoppel." *Sodipo v. University Copiers*, 23 S.W.3d 807, 809 (Mo. App. E.D.2000).

▮▮▮ An appellate court only has jurisdiction to consider an appeal from a final, and not a temporary, Commission award. *Bolden v. Schnucks Markets, Inc.*, 167 S.W.3d 226, 228 (Mo.App. E.D.2005); *Schwarzen v. Harrah's St. Louis Riverport*, 72 S.W.3d 223, 224 (Mo.App. E.D. 2002); *Chapman v. Didion & Sons Foundry Co.*, 63 S.W.3d 305, 306–07 (Mo.App. E.D.2001); *Remelius v. McCarthy Bros. Co.*, 28 S.W.3d 491 (Mo.App. E.D.2000); Section 287.495. A final award disposes of the entire controversy between the parties. *Schwarzen*, 72 S.W.3d at 224; *Chapman*, 63 S.W.3d at 307.

While, in our 2001 decision, we properly dismissed Employer/Insurer's appeal as untimely, we erred at that time by addressing the merits of Claimant's points on appeal because the entire controversy between the parties was not properly resolved by the Commission's 2000 award, which adopted the ALJ's 1999 award with modification. The parties acknowledge that PPD issues were not before the ALJ at the time she issued her 1999 award. The transcript of the hearing and record before the ALJ in 1999 reveals that she had before her only a hardship hearing. As the parties acknowledge, a hardship hearing does not encompass PPD issues and does not result in the issuance of a final award that resolves all the controversies between the parties.

The parties have not directed us to, and we have not found, any case addressing the finality of an award issued after a hardship hearing that includes an award of PPD. While, as Employer/Insurer pointed out during argument, there is no statutory prohibition against issuing a final award in resolving issues at a hardship hearing, there is no statutory authority for such an award either. Nor can we condone the transformation of an otherwise non-final award into a final award merely because the award, issued after a hardship hearing, includes a resolution of PPD issues, particularly where, as here, the parties have not either agreed to or had prior notice of and an opportunity to be heard on the PPD issues before their resolution.

This determination, that the 2000 award of the Commission modifying the 1999 award of the ALJ is not final and not appealable based on the available record, finds support in our case law that looks to the record to ascertain whether a non-final Commission award is appealable. For instance, in *Jennings v. Crestside Heating & Cooling*, 142 S.W.3d 843 (Mo.App. E.D. 2004), we looked to the record to determine whether the employer was actually contesting all liability as the employer argued, or merely the extent and duration of

liability, so as to permit an appeal from a temporary award. We concluded the employer was only "disputing the extent and duration of liability, rather than all liability," and therefore dismissed the appeal for lack of jurisdiction. *Id.* at 846.

While it is true that the Commission's 2000 award does not contain an express statement that it is temporary or non-final, and does not contain express language from either statute regarding temporary awards, Sections 287.203 [5] and 287.510, the absence of such language cannot foreclose us from finding the absence of finality in the 2000 award, as well as the 1999 award, under the unique circumstances of this case. Nor does the fact that the parties and the Commission treated the ALJ's award and the Commission's 2000 award as final and appealable preclude us from determining it was not final and appealable under the circumstances of this case.

▆ There are two exceptions to the rule that a non-final award of the Commission is not appealable. The first exception allows judicial review of a Commission decision that is in fact an award of permanent total disability (PTD) pursuant to Section 287.200.2. *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 343 (Mo. banc 1991); *Korte v. Fry–Wagner Moving & Storage Co.*, 922 S.W.2d 395, 398 (Mo.App. E.D.1996). That exception is inapplicable here where the relevant award did not include a PTD award under Section 287.200.2, but a PPD award pursuant to Section 287.190. The second exception allows for judicial review of a Commission's temporary award when the issue is whether the employer is liable for paying *any* compensation. *Schwarzen*, 72 S.W.3d at 224. We conclude that this exception does not render appealable the Commission's

2000 non-final award because Employer/Insurer's appeal was dismissed as untimely and our 2001 decision was not clearly limited solely to liability issues.

▆ Having found the 2000 award was not appealable, we lacked jurisdiction to address the merits of that appeal. *See Sutton v. Vee–Jay Cement Contracting Co.*, 937 S.W.2d 334 (Mo.App. E.D.1996) (dismissing for lack of jurisdiction an appeal from a non-final Commission award). When a court is without subject matter jurisdiction, an order of that court that does anything but dismiss the matter due to lack of jurisdiction must be set aside, vacated, or reversed. *See Randles v. Schaffner*, 485 S.W.2d 1, 2–3 (Mo.1972); *Heinle v. K & R Exp. Sys., Inc.*, 923 S.W.2d 461, 464 (Mo.App. E.D.1996); *City of Jackson v. Southard*, 869 S.W.2d 280, 282 (Mo.App. E.D.1994). As the Missouri Supreme Court has said, "[i]t is elementary that where judicial tribunals have no jurisdiction to act, their proceedings are absolutely void." *Randles*, 485 S.W.2d at 2. To the extent the law of the case doctrine is considered a bar to the reconsideration of our 2001 opinion, the Missouri Supreme Court has acknowledged, that "if [the appellate] court upon second appeal finds that it was in error upon the first hearing, [the appellate court] not only has the power and right to correct such error, but it would be the duty of the court so to do, in the interest of justice." *Davidson v. St. Louis–San Francisco Ry. Co.*, 301 Mo. 79, 256 S.W. 169, 170 (1923); *accord Reed v. Missouri Mutual Ass'n.*, 33 S.W.2d 986, 988 (Mo.App. E.D.1930). Accordingly, we set aside and vacate our 2001 decision, except to the extent it dismissed as untimely Employer/Insurer's appeal.

---

**5.** Notably, by its terms Section 287.203 clearly does not apply in this proceeding because Employer/Insurer did not provide and then terminate compensation prior to Claimant's request for a hardship hearing.

Having found we lacked jurisdiction over the appeal, the subsequent Commission proceedings upon remand should also be vacated.

While addressing our jurisdiction over the appeal from the Commission's non-final 2000 award, we concluded the ALJ's 1999 award was not final. Due to our determination the ALJ's 1999 award was not a final award but a temporary award, the only issue the Commission could address when considering any appeal from the ALJ's 1999 award was the issue of liability. *Wieda v. Stupp Bros., Inc.*, 52 S.W.3d 602, 603 (Mo.App. E.D.2001). Yet, the Commission's 2000 award was not limited to the issue of liability and did not explicitly note it was limited to liability issues.

Under the unique circumstances of this case, including the fact Charles is deceased so there is a finite amount of evidence and proceedings that may be presented to address all of the issues posed by Claimant's claims, as amended, and in an effort to clarify the record so that issues may be fully and properly addressed in fresh proceedings, we will vacate and set aside our 2001 opinion beyond the dismissal of Employer/Insurer's untimely appeal, and remand this matter to the Commission, which is directed to set aside its 2004 and 2000 awards, and to the extent necessary the ALJ's 1999 award, and then consider and resolve Claimant's claims as amended.[6] In view of this disposition, we will not discuss the parties' points on appeal since they are moot.

Our decision in *Bock, supra,* to the extent it addressed any issue beyond the dismissal of Employer/Insurer's untimely appeal is vacated and set aside. This mat-

ter is remanded for the Commission to vacate and set aside the 2004, 2000, and 1999 awards, and then to resolve Claimant's claims, as amended.

---

6. We do not consider the "Alternative Award" as a resolution of Claimant's claims, as amended, because that award is an advisory opinion, which the Commission lacks jurisdic-

tion to issue, on disputes not then before the Commission. *See Wasinger v. Labor and Indus. Relations Comm'n*, 701 S.W.2d 793, 794 (Mo.App. E.D.1985).