**Joseph DENNIS, Claimant/Respondent,**

v.

**H & K MACHINE SERVICE COMPANY, INC., Employer/Appellant,**

and

**Liberty Mutual Insurance Company, Insurer/Appellant.**

**No. ED 85788.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 21, 2006.

John D. Schneider, St. Louis, MO, for respondent.

John F. Sander, Zenz & Rouse, St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, P.J.

In this workers' compensation case, employer and insurer appeal from a temporary or partial award in claimant's favor issued by the Labor and Industrial Relations Commission. We dismiss for lack of jurisdiction, and grant claimant's motion for damages for frivolous appeal.

On November 25, 1996, claimant, Joseph Dennis, injured his right hand while working for employer, H & K Machine Service Company, Inc. Claimant was attempting to change a spindle in an automatic screw machine when his hand was caught between the feedout return mechanism and the machine casting, pulling his right hand into the machine, nearly severing the hand. As a result of the injury, claimant had eight surgeries, ongoing pain, and loss of the hand's normal function. Claimant reported the incident to the Division of Workers' Compensation (the Division). In December 1998, claimant filed a claim for compensation with the Division. Over the next six years, this claim was litigated before an Administrative Law Judge (ALJ) and the Labor and Industrial Relations Commission (the Commission). It is unnecessary to set out this procedural history in this opinion.

On September 21, 2004, the ALJ entered an award that it denominated a Final Award. Three weeks later, claimant filed an application for review with the Commission pursuant to section 287.470 RSMo (2000) on the ground there had been a substantial change of condition since the entry of the award. In the application, claimant also moved to convert the ALJ's Final Award to a temporary or partial award. On December 30, 2004, the Commission entered a Temporary Award Allowing Compensation (Modifying Award and Decision of the Administrative Law Judge). After finding that claimant's medical problems were ongoing and that "the medical [was] not capable of resolution," the Commission accepted and adopted the ALJ's award "in all respects save for the determination that it is a final award," and found that justice would be better served by the issuance of a temporary or partial

award. The Commission ordered employer and insurer to provide medical aid and ordered the case to remain open for medical treatment.

Claimant then moved for clarification of the December 30, 2004 award. On January 18, 2005, the Commission entered an order clarifying its temporary award. In that order, the Commission recited:

The Commissioner hereby clarifies the Award of December 30, 2004, to indicate that the award of the Administrative Law Judge (ALJ) was amended and modified to indicate that the award of the ALJ, and of the Commission, is temporary or partial in nature and not a final award. This is so because the issues are not capable of final resolution or determination.

Further, the Commission corrects the Award of December 30, 2004, to indicate that the award of the ALJ was reviewed under section 287.470 RSMo and that the Award of the Commission of December 30, 2004, was issued following a review under section 287.470 RSMo and should be properly captioned as not just a Temporary Award Allowing Compensation, but as a Temporary or Partial Award Allowing Compensation.

Employer and insurer appeal. They challenge the Commission's December 30, 2004 award, as modified by the January 18, 2005 order clarifying that the award is a Temporary or Partial Award Allowing Compensation, because the Commission did not review the entire trial transcript from the eight-day hearing before the ALJ.

■ Claimant has filed a motion to dismiss on the ground that this court has no jurisdiction to review this appeal. He has also filed a motion for sanctions under Rule 84.19.

■ We have no appellate jurisdiction in workers' compensation cases except as expressly conferred by statute. *Ming v. General Motors Corp.*, 130 S.W.3d 665, 667 (Mo.App.2004); *Chapman v. Didion & Sons Foundry Co.*, 63 S.W.3d 305, 307 (Mo.App.2001); *Korte v. Fry–Wagner Moving & Storage Co.*, 922 S.W.2d 395, 397 (Mo.App. E.D.1996). Section 287.495 RSMo (2000) only authorizes an appeal from a "final award of the commission." *Ming*, 130 S.W.3d at 667; *Chapman* 63 S.W.3d at 306; *Korte*, 922 S.W.2d at 397. A "final award" is one that disposes of the entire controversy between the parties. *Korte*, 922 S.W.2d at 397. An order lacks finality if it remains tentative, provisional, contingent, or subject to recall, revision, or reconsideration by the issuing agency. *Id.* at 398.

Section 287.510 RSMo (2000) provides that a temporary or partial award may be made in any case. A temporary or partial award "may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made...." Section 287.510.

■ Generally, no appeal lies from a temporary or partial award because it is not a final award. *Ming*, 130 S.W.3d at 667; *Fravel v. Guaranty Land Title*, 934 S.W.2d 23, 25 (Mo.App.1996); *Lewis v. Container Port Group*, 872 S.W.2d 134, 136 (Mo.App.1994). The exceptions to this rule, that we may review a "temporary or partial" award when it is an award of permanent total disability pursuant to section 287.200.2 RSMo (2000), or when the issue on appeal is the employer's liability and the employer claims it is not liable for paying any compensation, *Korte*, 922 S.W.2d at 398, are not applicable here. Because the Commission's award is not a final award, we do not have jurisdiction of this appeal.

■■ Claimant also moves for damages for frivolous appeal under Rule 84.19. Claimant filed his motion to dismiss the appeal before his brief was due, and his motion set out the reasons this appeal was not reviewable. An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed. *In re Marriage of Weinshenker,* 177 S.W.3d 859, 864 (Mo.App.2005); *Fravel,* 934 S.W.2d at 24. It is beyond question that no appeal lies from the temporary or partial award in this case. *See Muller v. St. Louis Housing Authority,* 175 S.W.3d 191, 193–95 (Mo.App.2005); *Bock v. Broadway Ford Truck Sales, Inc.,* 169 S.W.3d 143, 147–49 (Mo.App.2005); *Bolden v. Schnucks Markets, Inc.,* 167 S.W.3d 226, 228–29 (Mo. App.2005); *Jennings v. Crestside Heating & Cooling,* 142 S.W.3d 843, 845–46 (Mo. App.2004); *Sher v. McCarthy Bros.,* 135 S.W.3d 501, 503 (Mo.App.2004); *Schwarzen v. Harrah's St. Louis Riverport,* 72 S.W.3d 223, 224–26 (Mo.App.2002); *Sutton v. Vee–Jay Cement Contracting,* 937 S.W.2d 334, 335–36 (Mo.App.1996); *Korte,* 922 S.W.2d at 397–98; *Lewis,* 872 S.W.2d at 136.

■ Rule 84.19 provides that if an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper. *Weinshenker,* 177 S.W.3d at 864; *Fravel,* 934 S.W.2d at 25. The purpose of sanctions is two-fold: 1) to prevent congestion of appellate court dockets with cases devoid of merit, and 2) to compensate respondents for incurring expenses defending judgments against meritless issues. *Weinshenker,* 177 S.W.3d at 864; *Fravel,* 934 S.W.2d at 25.

Claimant's request for damages for frivolous appeal is granted. We award claimant $7,000 for attorney's fees, representing the time claimant's counsel incurred preparing the motion to dismiss, the brief, and the oral argument in this appeal.

LAWRENCE E. MOONEY, J. and BOOKER T. SHAW, J., concur.