John HOFF, Respondent,

v.

ST. CLAIR R–XIII SCHOOL DISTRICT and Missouri United School Insurance Counsel, Appellants,

and

Second Injury Fund, Respondent.

No. ED 87598.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 29, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 11, 2006.

Application for Transfer Denied Nov. 21, 2006.

Mary A. Lindsey, Timothy M. Tierney, St. Louis, MO, for Appellant.

Mary J. Sommers–Getz, St. Louis, MO, Daniel J. McMichael, Chesterfield, MO, for Respondent.

Before GEORGE W. DRAPER III, P.J., GARY M. GAERTNER, SR., J., and ROBERT G. DOWD, JR., J.

## ORDER

PER CURIAM.

St. Clair R–XIII School District, Missouri United School Insurance Counsel, and the Second Injury Fund (hereinafter and collectively, "Employer") brings this appeal following the Labor and Industrial Relations Commission's (hereinafter, "the Commission") temporary or partial award to John Hoff (hereinafter, "Hoff"). Employer raises four points on appeal,[1] denying any liability and contesting Hoff's medical expenses.[2]

We have reviewed the briefs of the parties and the record on appeal and find the Commission's decision is supported by competent and substantial evidence and is not against the overwhelming weight of the evidence. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003). An opinion reciting the detailed facts and restating principles of law would have no precedential value. However, we have provided a memorandum opinion for the use of the parties only, setting forth the reasons for our decision. Further, we deny the motion taken with the case seeking damages for a frivolous appeal.[3]

The judgment is affirmed pursuant to Rule 84.16(b).

---

1. We remind attorneys to review both the Supreme Court Rules and our Local Rules of appellate practice before submitting documents to this Court. Points on appeal must follow the dictates of Rule 84.04(d), which are explained in *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978). Failure to comply with these mandates can result in dismissal of an appeal. *See M.C. v. Yeargin,* 11 S.W.3d 604 (Mo.App. E.D.1999).

2. This Court has jurisdiction on appeal from a temporary or partial award to determine the sole issue of whether an employer has any liability for payment of compensation benefits. *See Dennis v. H & K Machine Service Co.,* 186 S.W.3d 484, 486 (Mo.App. E.D. 2006).

3. While we deny this motion, we caution attorneys, employers, and insurance companies to carefully review their allegations on appeal so as to not bring claims which squander judicial resources, especially in cases, as here, where the Commission based its decision on credibility findings.