**Esther ERICKSON, Respondent,**

v.

**AARON'S AUTOMOTIVE PRODUCTS, INC., Appellant.**

**No. 21817.**

Missouri Court of Appeals,
Southern District,
Division One.

April 8, 1998.

Kevin Hays Dunaway, Richard L. Schnake, Neale & Newman, L.L.P., Springfield, for Appellant.

Bradley L. Bradshaw, Springfield, for Respondent.

CROW, Judge.

Respondent filed a claim against Appellant for benefits under The Workers' Compensation Law, chapter 287, RSMo 1994, as amended.

The Labor and Industrial Relations Commission ("Commission"), unanimously affirming and adopting a decision of an administrative law judge ("ALJ") of the Division of Workers' Compensation, issued a "Temporary or Partial Award" ordering Appellant to: (1) provide Respondent such medical treatment as may reasonably be required to cure and relieve her from the effects of her occupational disease—identified in the award as "right lateral epicondylitis, carpal tunnel syndrome on the right, and Guyon's canal compression"—and (2) pay Respondent compensation for 32 3/7 weeks of temporary total disability.

Appellant brings this appeal from that award.

Before addressing Appellant's three points relied on, this court notes, as it did in *Marrone v. Modine Heat and Transfer*, 918 S.W.2d 315, 317 (Mo.App. S.D.1996), that the question whether a "temporary or partial" award of workers' compensation benefits by Commission is appealable is an issue with which Missouri courts have struggled on several occasions. An account of the development of the law in that area is set forth in *Marrone, id.* at 317–18, and need not be repeated here. The conclusion in *Marrone* was:

> "[W]here Commission makes a temporary or partial award of workers' compensation benefits, the issue of liability is eligible for judicial review, but issues regarding amount, duration or other aspects of the award are not."

*Id.* at 318[1].

■ Appellant's first point raises the issue of liability. The point avers Commission erred in finding that Respondent has an occupational disease arising out of the work she did for Appellant. According to Appellant, Commission's finding is not supported by substantial evidence on the whole record and is contrary to the overwhelming weight of the evidence. Appellant's meticulously craft-

ed brief identifies evidence favorable to Appellant and proclaims that such evidence establishes that if Respondent indeed suffers from the affliction identified in Commission's award, such infirmity was not caused by the work she performed for Appellant.

For ease of discussion, this opinion henceforth refers to the occupational disease identified in Commission's award as "Respondent's impairment."

This court's authority to review Commission's decisions on workers' compensation claims is conferred by § 287.495.1, RSMo 1994. That statute empowers this court to reverse an award of Commission on evidentiary grounds only where "there was not sufficient competent evidence in the record to warrant the making of the award." § 287.495.1(4). The two-step process of analysis by which an appellate court decides that issue is set forth in *Davis v. Research Medical Center*, 903 S.W.2d 557 (Mo.App. W.D. 1995).

Appellant acknowledges the limited scope of review set forth in the preceding paragraph, but then undertakes to persuade this court that Commission should have found the evidence relied on by Appellant more persuasive than the evidence relied on by Respondent. As is frequently the tactic in such endeavors, Appellant declares Commission "ignored the vast majority of the evidence" and disregarded the allegedly flawed underpinnings of the diagnosis of the physician whose deposition testimony supported the award.[1]

Respondent's brief answers Appellant's first point by punctiliously reciting the evidence supportive of Commission's award.

This court has carefully studied the evidence underscored by both parties. Having measured the evidence by the applicable standard of review, this court holds Commission's finding that Respondent's impairment arose out of and in the course of her employment by Appellant is supported by competent and substantial evidence on the whole record and is not against the overwhelming

weight of the evidence. This court further holds no error of law appears in Commission's resolution of that issue and an opinion recounting the evidence adduced by both sides on that issue would have no precedential value. Accordingly, this court denies Appellant's first point and, in compliance with Rule 84.16(b)(4) and (5), Missouri Rules of Civil Procedure (1998), affirms Commission's determination that Appellant is liable under The Workers' Compensation Law for Respondent's impairment.

Appellant's second point asserts Commission erred by determining that Respondent is entitled to compensation for temporary total disability. Like Appellant's first point, the second point declares Commission's finding is not supported by substantial evidence on the whole record and is contrary to the overwhelming weight of the evidence.

Although Appellant cites *Marrone*, 918 S.W.2d 315, in the argument following the first point, Appellant's second point ignores *Marrone's* holding, quoted earlier in this opinion, that in an appeal from a temporary or partial award of workers' compensation benefits, issues regarding the amount, duration or other aspects of the award are ineligible for review, as review is limited solely to the issue of liability.

In denying Appellant's first point, this court affirmed Commission's determination that Appellant is liable under The Workers' Compensation Law for Respondent's impairment. Whether Commission was correct in awarding Respondent compensation for 32 3/7 weeks of temporary total disability is not an issue this court is authorized to consider in this appeal. Consequently, this court dismisses this appeal as to Appellant's second point without prejudice. *Hillenburg v. Lester E. Cox Medical Center*, 879 S.W.2d 652, 655–56[7]–[10] (Mo.App. S.D.1994).

Appellant's third point avers Commission "erred in excluding evidence that [Respondent] filed discrimination complaints against [Appellant]." Appellant maintains such evidence "was relevant on the issue of [Respon-

1. No medical expert testified in person before the ALJ. All medical evidence was supplied by depositions, reports and records.

dent's] credibility and her motivation to strike out at [Appellant]." Appellant proclaims—without citation of authority—that the exclusion of such evidence "was in excess of the Commission's powers." [2]

During cross-examination of Respondent at the ALJ's hearing, Appellant's lawyer asked Respondent whether she "filed a discrimination complaint against Aaron's Automotive."

Respondent's lawyer objected, stating the question was irrelevant "to any issues that we're deciding here."

During the debate that followed, Appellant's lawyer argued the inquiry was relevant in that it would demonstrate Respondent "has a bias and a prejudice against [Appellant]." Consequently, asserted Appellant's lawyer, the inquiry was relevant on the issue of Respondent's credibility.

The ALJ sustained Respondent's objection, whereupon Appellant made an offer of proof. The offer showed that Respondent, in October 1995, filed complaints against Appellant with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights. This opinion henceforth refers to that evidence as "the proffered evidence."

█ As explained in this court's discussion of Appellant's second point, the sole issue an appellate court can consider in an appeal from a temporary or partial award of workers' compensation benefits is the issue of liability. Appellant's third point seeks review of a ruling by the ALJ excluding evidence allegedly relevant to the issue of Respondent's credibility. It is thus arguable that Appellant's third point presents an issue that this court lacks jurisdiction to decide. However, it is also arguable that Respondent's credibility was pertinent to the liability issue, hence the third point is reviewable.

For the reason set forth *infra,* this court need not decide the issue spelled out in the preceding paragraph.

As reported earlier, Appellant made an offer of proof, hence the proffered evidence was in the transcript on which Commission based its award. Obviously, the proffered evidence was before Commission for whatever weight, if any, Commission chose to give it.

Commission's award recites that Commission "considered the whole record concerning the issue of liability." It is thus arguable that Commission considered the proffered evidence. However, even if one assumes that by affirming and adopting the ALJ's decision, Commission embraced the ALJ's ruling that the proffered evidence was inadmissible, Appellant's third point supplies no basis for reversal.

█ Appellant's application to Commission for review of the ALJ's decision raised no issue regarding the ALJ's exclusion of the proffered evidence. Issues not raised before Commission cannot be raised on appeal to this court. *Duncan v. Springfield R-12 School District,* 897 S.W.2d 108, 115 (Mo. App. S.D.1995); *Vinson v. Curators of the University of Missouri,* 822 S.W.2d 504, 508[6] (Mo.App. E.D.1991); *Chambliss v. Lutheran Medical Center,* 822 S.W.2d 926, 932[13] (Mo.App. E.D.1991). For that reason alone, Appellant's third point is ineligible for review.

Furthermore, given the limited scope of appellate review delineated in § 287.495.1, RSMo 1994, it is arguable that this court's review authority does not extend to issues regarding exclusion of impeachment evidence. The only case cited by Appellant in support of its third point is an appeal from a trial court, not an appeal from a decision by Commission on a workers' compensation claim. However, inasmuch as Appellant's third point is ineligible for review because of the reason set forth in the preceding paragraph, this court need not consider the issue in the first sentence of this paragraph.

The upshot of this appeal is: (1) Commission's determination that Appellant is liable to Respondent under The Workers' Compen-

---

**2.** One of the statutory grounds on which an appellate court may reverse an award of Commission in a workers' compensation case is that "the

commission acted ... in excess of its powers." § 287.495.1(1), RSMo 1994.

sation Law for the occupational disease identified in Commission's award is affirmed; (2) Appellant's complaint that Commission erred in awarding Respondent compensation for 32 3/7 weeks of temporary total disability is a question this court lacks jurisdiction to consider in this appeal, hence the appeal is dismissed without prejudice as to that issue; (3) Appellant's third point is ineligible for review in that it was not presented to Commission in Appellant's application for review of the ALJ's decision.

Costs of this appeal are taxed against Appellant.

GARRISON, P.J., and PREWITT, J., concur.