**David RYAN, Appellant,**

v.

**David RADEMACHER and Violet Rademacher, Respondents.**

**No. ED 83718.**

Missouri Court of Appeals, Eastern District, Division Two.

July 6, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 17, 2004.

Application for Transfer Denied Sept. 28, 2004.

848

Richard A. Barry, III, Kevin J. Dolley, St. Louis, MO, for appellant.

Daniel Wilke, Charles C. Schwartz, Jr., St. Louis, MO, for respondents.

## OPINION

GLENN A. NORTON, Presiding Judge.

David Ryan appeals the summary judgment denying his premises liability claims. We affirm in part and reverse in part.

## I. BACKGROUND

While investigating a report of a strong smell of ether in the Rademachers' neighborhood, Ryan and other police officers went to the Rademachers' home. Ryan asked Violet Rademacher if she knew of anything on the property that could cause injury to him or the other officers, such as anhydrous ammonia or other chemicals used to manufacture methamphetamine. Mrs. Rademacher replied that there were not, but that any chemicals that were found belonged to her husband, David Rademacher, who was not home. She gave the officers permission to search her home, vehicles and outbuildings. She then accompanied Ryan to an outbuilding and opened the outbuilding's door. Ryan asked her if there was anything in the outbuilding that could cause him harm and she

replied that there was not. Ryan was examining a container located in the outbuilding when the lid to the container popped open and a gas-like spray of anhydrous ammonia was emitted. The substance damaged Ryan's lungs and respiratory system. Ryan filed suit against the Rademachers asserting claims based on premises liability. The trial court granted, without explanation, the Rademachers' joint motion for summary judgment. Ryan appeals.

## II. DISCUSSION

The propriety of summary judgment is a question law, and our review is *de novo*. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria for determining the propriety of summary judgment on appeal are no different than those used at the trial level. *Id.* Although we view the record and construe all inferences favorably to the non-movant, facts set forth in support of the summary judgment motion are taken as true unless contradicted by the non-movant's response. *Id.* at 376, 382–83.

■■■ A defendant may establish a right to judgment by showing (1) facts that negate any one of the elements of the plaintiff's claim, (2) that the plaintiff cannot produce evidence sufficient to allow the trier of fact to find the existence of any one of the plaintiff's elements, or (3) "that there is no genuine dispute as to the existence of *each* of the facts necessary to support the [defendant's] properly-pleaded affirmative defense." *Id.* at 381. Once the defendant has met this burden, the plaintiff must show by reference to the record that "one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Id.* A "genuine issue" exists where the record contains competent ma-

terials that demonstrate "two plausible, but contradictory, accounts of the essential facts." *Id.* at 382.

Ryan argues that there are genuine issues of material fact concerning his status as a licensee or an invitee and the Rademachers' knowledge of a dangerous condition in the outbuilding.

### A. Licensee or Invitee

■■■ The duty owed to a plaintiff in a premises liability action generally depends upon his status at the time of the injury. *Cook v. Smith*, 33 S.W.3d 548, 552 (Mo. App. W.D.2000). A trespasser who enters the land without the possessor's permission is owed no duty of care. *Carter v. Kinney*, 896 S.W.2d 926, 928 (Mo. banc 1995). A licensee is one privileged to enter or remain on land only by virtue of the possessor's consent. *Harris v. Niehaus*, 857 S.W.2d 222, 225 (Mo. banc 1993). A possessor of land is subject to liability for bodily injury caused to a licensee by a natural or artificial condition thereon if, but only if, he: (a) knows of the condition and realizes that it involves an unreasonable risk to the licensee and has reason to believe that the licensee will not discover the condition or realize the risk and (b) invites or permits the licensee to enter or remain upon the land without exercising reasonable care to make the condition reasonably safe or warn the licensee of the condition and the risk. *Cook*, 33 S.W.3d at 552 (citing Restatement of Torts section 342 (1934)). An invitee, on the other hand, is one who the possessor invites onto the premises with the expectation of a material benefit from the visit. *Adams v. Badgett*, 114 S.W.3d 432, 437 (Mo.App. E.D.2003). A possessor of land owes a duty to an invitee to exercise reasonable and ordinary care to make the premises safe. *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 903 (Mo.App. E.D.1996).

Ryan contends that he was an invitee with respect to Mrs. Rademacher because she expected the material benefit of receiving leniency from the police in exchange for her cooperation. Nothing in the record indicates that Mrs. Rademacher invited the officers onto her property expecting to receive leniency. Rather, the record shows that she invited them on the property under the guise that she did not know of any chemicals associated with methamphetamine when, in fact, she was aware of the chemicals. Mrs. Rademacher was attempting to shield herself from criminal liability, not gain leniency. Moreover, contrary to Ryan's argument, the public benefit of police work does not elevate Ryan to the status of an invitee with respect to the Rademachers. *See Anderson v. Cinnamon,* 365 Mo. 304, 282 S.W.2d 445, 446–47 (1955), *overruled on other grounds by Wells v. Goforth,* 443 S.W.2d 155 (Mo. banc 1969).

There is no genuine dispute that Ryan was not an invitee of the Rademachers. Rather, because he was privileged to enter and remain on the property solely because of Mrs. Rademacher's consent, Ryan was a licensee with respect to her.

As to Mr. Rademacher, however, Ryan was neither an invitee nor a licensee because Mr. Rademacher did not invite or permit Ryan to enter or remain on the land. *See Cook,* 33 S.W.3d at 552. Ryan contends that Mr. Rademacher invited and permitted him to be on the property through his agent, Mrs. Rademacher. Neither spouse, however, is empowered to act as agent for the other merely because of the marital relationship. *Bartlow–Hope Electrical Corp. v. Herzog,* 692 S.W.2d 404,

406 (Mo.App. W.D.1985). For an actual agency relationship to exist between Mr. and Mrs. Rademacher, Mrs. Rademacher must possess the power to alter legal relations between Mr. Rademacher and third persons. *See State ex rel. Ford Motor Co. v. Bacon,* 63 S.W.3d 641, 642 (Mo. banc 2002). Mrs. Rademacher's action could also bind Mr. Rademacher if he cloaked her with apparent authority to act on his behalf. *See Cohn v. Dwyer,* 959 S.W.2d 839, 843 (Mo.App. E.D.1997). Whether she had apparent authority to act on his behalf depends on whether the facts and circumstances surrounding her consent to allow Ryan on the premises gave rise to a reasonable and logical inference that Mr. Rademacher empowered her to act for him. *See id.*

Ryan has pointed to no evidence in the record to indicate that Mrs. Rademacher had the power to alter legal relations between Mr. Rademacher and third parties. Likewise, Ryan has identified no facts or circumstances in the record that would have allowed Ryan to reasonably and logically infer that Mrs. Rademacher was acting on her husband's behalf. Because Ryan was neither an invitee nor licensee with respect to Mr. Rademacher, Mr. Rademacher owed him no duty of care and summary judgment in Mr. Rademacher's favor was appropriate.[1]

## B. Knowledge

Under the licensee standard, Ryan contends that there are genuine issues of fact regarding Mrs. Rademacher's knowledge of the anhydrous ammonia. Mrs. Rademacher responds that there was no evidence that she knew that anhydrous

---

1. No Missouri case has addressed whether an individual injured while on property with the consent of one owner may hold liable another owner who has not consented (express or implied) to the individual's presence. *Anderson v. Accurso* presents a situation factually similar to this case, but this question was not presented and the court did not discuss it. 899 S.W.2d 938 (Mo.App. W.D.1995). Therefore, *Anderson* is not dispositive here.

ammonia was being stored in a manner that would make it unreasonably dangerous. She contends that anhydrous ammonia has lawful and safe uses, such as for farming, and that this anhydrous ammonia only became dangerous because it was improperly stored.

The record reveals, however, that Mrs. Rademacher knew that the anhydrous ammonia was not being used for farming, but for the manufacture of methamphetamine. The Rademachers concede that the production of methamphetamine poses particular dangers due to the chemicals used during the production. Mr. Rademacher told Mrs. Rademacher that he was attempting to manufacture methamphetamine in the outbuilding with the use of anhydrous ammonia and not to allow their daughter to go near the outbuilding. This evidence creates a dispute as to whether Mrs. Rademacher knew that the anhydrous ammonia located in the outbuilding involved an unreasonable risk to Ryan. Therefore, summary judgment in favor of Mrs. Rademacher was inappropriate.

All points relating to summary judgment against Mr. Rademacher are denied, and all points relating to summary judgment against Mrs. Rademacher are granted, except as to Ryan's status as an invitee, which is denied. Ryan's point regarding application of the firefighter's rule is moot.[2]

### III. CONCLUSION

The judgment is affirmed except as to Violet Rademacher, and that portion of the judgment is reversed. The case is re-manded for further proceedings consistent with this opinion.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J., concurring.

2. We have already determined that genuine issues of material fact exist with respect to Mrs. Rademacher, and reverse summary judgment as to her. As to Mr. Rademacher, summary judgment is appropriate because he owed Ryan no duty of care, regardless of whether the firefighter's rule applies.