Mark **ALCORN**, Plaintiff–Respondent,

v.

**McANINCH CORP** and **Zurich American Insurance Company,** Defendants–Appellants.

No. 28355.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 15, 2007.

Kevin M. Johnson, Jennifer L. Arnett, for Appellant.

William W. Francis, Jr., Ryan E. Murphy, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

McAninch Corporation and Zurich American Insurance Company ("Appellants") appeal an award from the Labor and Industrial Relations Commission ("the Commission"), injury number 05–052329. This appeal arises from a temporary or partial award issued by the Commission and, as such, this Court finds that it does not have jurisdiction to hear the appeal of the award.

Mark Alcorn ("Employee") worked for McAninch Corporation ("Employer") as a heavy equipment operator. On June 3, 2005, while Employee was working on a construction project, operating a Caterpillar D–400 dump truck, he suffered an injury which caused him severe pain around his beltline. The next day, June 4, 2005, Employee reported the condition to the superintendent and he was told to go to the emergency room. Employee went to the emergency room where he was diagnosed with low back pain, given a prescription for Darvocet, and referred to an occupational medicine specialist, Dr. Bisbey. Dr. Bisbey diagnosed low back pain and prescribed physical therapy three times per week for two weeks. Employee attended three sessions of physical therapy, but did not return after he was told no progress was being made. On June 15, 2005, an MRI was conducted and revealed a small protrusion at L3–4, but found no herniation or significant spinal canal stenosis. Due to personal issues with Dr. Bisbey, Employee was referred to a second doctor, Dr. Rahman, whom he saw on June 28, 2005. Dr. Rahman recommended continuing the physical therapy. Employee then saw a third doctor, Dr. Woodward, on August 4, 2005, indicating right and left lumbar pain with additional pain radiating to his right gluteal and right posterior thigh area. Dr. Woodward recommended a modified work schedule and at a subsequent appointment recommended an alternative treatment of Z-joint steroid injections; however, Appellants refused to authorize such treatment. Employee was then released to modified duty on September 5, 2005, because there was nothing more that could be done for him. When Employee returned to work, he was told there was no more work for him at that time.

Employee continued to experience pain and numbness and eventually Appellants approved additional medical exams. On June 29, 2006, Dr. Rahman reviewed a second MRI that was done on March 8, 2006. This MRI revealed a far lateral disc at L3–4, which prompted him to order further tests including a CT/myelogram to better define the anatomy and compression; however, Appellants denied addition-

al testing. Employee's injuries have not resolved and he currently takes hydrocodone for pain and continues to complain of pain with sitting, standing, and walking long distances.

Following the filing of a claim for compensation, a temporary hardship hearing was held before an Administrative Law Judge ("ALJ") on August 11, 2006. Although Appellants had paid medical costs for Employee, Employer's representative denied any further liability arguing that his current injury incurred could not have been caused by the type of work Employee was doing. The ALJ found that the injury was compensable as an injury that arose out of and in the course of the employment. The award was denominated a "Temporary or Partial Award" finding total temporary disability that would be subject to modification and review. The Findings of Fact and Conclusions of Law, promulgated by the ALJ, indicate that from the time of the injury in June of 2005 through the date of the hearing on August 11, 2006, Employer paid Employee $8,757.38 in necessary medical aid and 56 and 6/7 weeks of past temporary total disability, totaling $38,429.38. Employer appealed the findings of the ALJ to the Commission, which affirmed the award on February 9, 2007. Appellants appeal the affirmance of the temporary or partial award by the Commission in two respects: first, that the Commission erred because its decision was not based on competent and substantial evidence; and, second, that the award of temporary total disability was in error because competent, substantial and uncontradicted evidence

showed light duty work had been offered to Employee.

Before we address Appellants' claims of error, however, Employee has brought a Motion to Dismiss for Lack of Jurisdiction and a Motion for Costs for Frivolous Appeal, arguing that the award issued by the Commission is temporary or partial and, as such, cannot be appealed to the court of appeals under section 287.495.[1] Section 287.495 authorizes an appeal from the "final award of the [C]ommission" to the appellate court. "A 'final award' is one which disposes of the entire controversy between the parties." *Hillenburg v. Lester E. Cox Medical Center*, 879 S.W.2d 652, 655 (Mo.App. S.D.1994).[2] "An order lacks finality where it remains tentative, provisional, contingent, subject to recall, revision or reconsideration by the issuing agency." *Id.* at 655 (*citing Lewis v. Container Port Group*, 872 S.W.2d 134, 136 (Mo.App. E.D.1994); *Blanford v. Robinett's Motor & Truck Serv., Inc.*, 865 S.W.2d 874, 876 (Mo.App. E.D.1993)). "No appeal lies from a temporary or partial award" made pursuant to section 287.510. *Hillenburg*, 879 S.W.2d at 655–56. As both Appellants and Employee point out, there are, however, two stated exceptions to the rule that temporary awards are unreviewable. First, where an award designated "temporary and partial" is not entered pursuant to section 287.510 but is an award of permanent total disability pursuant to section 287.200.2. *Abrams v. Ohio Pac. Express*, 819 S.W.2d 338, 343 (Mo. banc 1991); *Smith v. Ozark Lead Co.*, 741 S.W.2d 802, 808–10 (Mo.App. S.D.

---

**1.** All references to statutes are to RSMo 2000, unless otherwise specified.

**2.** We note several cases overruled by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003), to the extent they are in conflict with the holding therein, are cited in

this opinion in support of other principles of law not affected by the *Hampton* ruling. *Id.* at 224–32. No further acknowledgement of *Hampton's* effect on those cases needs to be recited hereafter.

1987). That exception is not at issue in this case.

■ The second exception states, as a general rule, that an appellate court may review the issue of the employer's liability where an employer claims it is not liable for paying any compensation and is disputing all liability. *See e.g., Woodburn v. May Distrib. Co.,* 815 S.W.2d 477, 480 (Mo.App. S.D.1991); *Hillenburg,* 879 S.W.2d at 656; *Stufflebean v. Crete Carrier Corp.,* 895 S.W.2d 115, 116 (Mo.App. W.D.1995). Thus, it has been stated, "a court can review the issues on which liability turns, such as notice or whether an employee's injuries are work-related." *See generally Korte v. Fry–Wagner Moving & Storage Co.,* 922 S.W.2d 395, 398 (Mo.App. E.D.1996) (internal citations omitted); *Hillenburg,* 879 S.W.2d at 656; *Eubanks v. Poindexter Mechanical Plumbing & Heating,* 901 S.W.2d 246, 247 (Mo.App. S.D.1995). Clearly then, under any analysis, Appellants' second point challenging the extent of Employee's injuries is not subject to review by this Court.

Turning to Appellants' first point, Appellants argue, citing *Korte,* 922 S.W.2d at 398 (which cited the general rule but held there was no jurisdiction in that case to hear the appeal of a temporary or partial award from the Commission), that the second judicially-created exception applies here and gives this Court jurisdiction. This Court has previously noted in *Marrone v. Modine Heat and Transfer,* 918 S.W.2d 315, 317 (Mo.App. S.D.1996), and its progeny, that this jurisdiction issue is one with which Missouri courts have struggled. This case presents an appropriate opportunity to clarify this area through a review of the cases that have dealt with this exception.

As previously discussed, section 287.495 is the statutory source of appellate jurisdiction to hear appeals from final awards of the Commission. In what appears to be a judicially-created exception to the finality provision, originated in this Court in 1987 with *Smith v. Ozark Lead Co.,* 741 S.W.2d 802 (Mo.App. S.D.1987), the circuit court[3] determined that although the award was designated a temporary or partial award, the award in fact disposed of all issues and controversies between the parties. *Id.* at 805. This Court determined it was obvious from the record that neither the ALJ nor the Commission treated the award as a temporary or partial award pursuant to section 287.510. *Id.* at 807. The liability and the extent of Smith's injuries were stipulated; the only issue in dispute was the amount of compensation for nursing care. *Id.* at 803–04, 807. This Court found that the Commission's award was an award under section 287.480, made by the Commission upon review of an award under section 287.460, and that the Commission's award fully disposed of the controversy between the parties. *Id.* at 810. After *Smith,* there have been many interpretations of just what is included in the exception which allows review if the employer disputes liability. Initially, we shall review the cases under the broad categories: (1) where the court has not found jurisdiction to review a temporary or partial award and (2) where the court has found the jurisdiction to review the award.

Looking to the first category, those cases where the court has not found jurisdiction to review a temporary or partial award made by the Commission, there are two sub-categories. First, the court of appeals will not find jurisdiction to hear an

---

3. The statutory provision which allowed appeal to the circuit court of a final award prior to August 13, 1980, was section 287.490.

appeal from a temporary or partial award when it is clear that the Commission has left some issue open for determination which is necessary to resolve the controversy between the parties. Second, the court of appeals has determined it does not have jurisdiction to hear an appeal from a temporary or partial award where the court finds that the issue presented is not in fact a denial of all liability. Distinguishing the two sub-categories requires a fact specific inquiry; however, a clear distinction is that cases in the first sub-category involve actions of the Commission and they require inquiry into the status of the case while the second sub-category focuses on the actions of the employer and requires a special inquiry into the facts beyond the briefed arguments to properly categorize the case. In either scenario the court, by refusing to review the case presented, leaves each party in the status quo because the entire controversy between the parties has not been resolved.

 There is no appellate jurisdiction, first, where the Commission has acted in a manner that clearly leaves an issue pending that is necessary to resolve the entire controversy. In *Lewis*, the employer appealed the Commission's dismissal of their appeal from a temporary or partial award by the ALJ. *Lewis*, 872 S.W.2d at 134. As a result of the dismissal, the case returned to the ALJ for further determination of future awards. *Id.* at 136. The action of

the Commission did not resolve all issues between the parties and the action was still open for determination before the ALJ, therefore, the dismissal could not be construed as a final award and this Court did not have jurisdiction. *Id.* In *Petelik v. Motor Control Specialists,* 190 S.W.3d 517 (Mo.App. E.D.2006), the Commission again dismissed a request for review of an ALJ decision and this Court held that "[t]he dismissal order is not a final order because it does not completely resolve the case before it." *Id.* at 520 (*citing Lewis*, 872 S.W.2d at 136).[4]

Again, in *Muller v. St. Louis Housing Authority,* 175 S.W.3d 191 (Mo.App. E.D. 2005), the appeal from a temporary or partial award was dismissed because the Commission chose to leave open the issue of past medical expenses and therefore the actions of the Commission did not resolve the controversy between the parties.[5] *Id.* at 194–95; *see also Chapman v. Didion & Sons Foundry Co.,* 63 S.W.3d 305, 306–07 (Mo.App. E.D.2001) (appeal dismissed for no appellate jurisdiction because the Commission's order was not final in that it did not dispose of the entire controversy between the parties when the employer claimed the Commission had no jurisdiction in an untimely filed application for review).

 The second sub-category of cases where the reviewing court declined review

---

4. In both *Lewis* and *Petelik,* the Commission denied review of an ALJ decision because the employer was not denying "all liability." In both cases, the Commission was interpreting 8 CSR 20–3.040 (a regulation that grants jurisdiction to the Commission to hear reviews of temporary awards from the ALJ). Although the language "all liability" is used for both commission review and appellate review, in these cases the appellate court never reached the issue of whether or not the employer was in fact disputing *all* liability. Instead, the appellate review ended at the deter-

mination that the Commission's action did not constitute a "final order."

5. For an interesting discussion regarding the perils of a premature court decision regarding the merits of a claim prior to a truly final award, *see Bock v. Broadway Ford Truck Sales, Inc.,* 169 S.W.3d 143 (Mo.App. E.D. 2005). In *Bock,* the court of appeals vacated its previous decision addressing any issue other than the dismissal of employer/insurer's untimely appeal. *Id.* at 145.

is when an appeal is not in fact a denial of all liability. Common factual situations that represent this group include those where the employer had stipulated to a work-related injury, yet on appeal claimed that the employer denied all liability or where the employer has paid medical benefits, and often wage compensation, prior to the award by the ALJ or the Commission. In such cases, the court of appeals has found that regardless of how the point relied on was set forth, the real issue presented was one that challenged the extent and duration of the award. Because the judicially-created exception requires application only with a denial of *all* liability, there can be no appeal that challenges only the extent and duration of the award. *Jennings v. Crestside Heating & Cooling,* 142 S.W.3d 843, 846 (Mo.App. E.D.2004).

■ In *Jennings,* the employer initially provided medical benefits and temporary disability benefits for three months following an accident, but on appeal of a temporary order, the employer denied all liability. *Id.* at 844–45. Employee had returned to work but sought additional medical treatment which was denied by the employer. *Id.* The court of appeals held that regardless of how the employer characterized the dispute, the issue on appeal actually related to the extent and duration of the award and was not a disclaimer of all liability. *Id.* at 846; *see also Bolden v. Schnucks Markets Inc.,* 167 S.W.3d 226, 229 (Mo.App. E.D.2005) (Appeal dismissed where employee received treatment for a work-place injury, returned to work on full-duty, and then left employment with the employer. The court determined the employer was disputing extent and duration of liability, rather than all liability, when the employer stipulated that (1) employee suffered an injury arising out of and in the course of his employment for the employer; (2)

the employer had notice of the injury; and (3) a timely claim for compensation was filed.); *Dennis v. H & K Machine Service Co.,* 186 S.W.3d 484 (Mo.App. E.D.2006) (holding that the court had no jurisdiction where the employer claimed no liability because the Commission failed to properly review the entire transcript); *Schwarzen v. Harrah's St. Louis Riverport,* 72 S.W.3d 223, 226 (Mo.App. E.D. 2002) (appeal dismissed for lack of jurisdiction where the employer admitted back injury in course and scope of employment). As a result of this line of cases, it is clear that the court of appeals must commit some inquiry into the facts of a case in order to determine whether jurisdiction exists despite the facial denial of any liability by the employer on appeal. Where an order lacks finality, "it remains tentative, provisional, contingent, subject to recall, revision or reconsideration" and this Court has no jurisdiction to hear such an appeal. *Hillenburg,* 879 S.W.2d at 655.

Moving to the second broad category of cases where the court of appeals has determined it had jurisdiction to hear an appeal from the Commission, the general rule is that the court addressed the issues on appeal only when the employer was disputing all liability, or more specifically, that the employer claimed no liability for paying any compensation. Although singular in purpose, this exception has been applied in two factually distinct cases. First, the court of appeals found jurisdiction where the appeal was brought on a threshold procedural issue and, second, where the issue presented was an employer disclaiming all liability because there simply was no evidence of a work-related injury, which could be viewed as a threshold evidentiary issue. We will first review those cases which present threshold procedural issues.

In *Brewer v. Republic Drywall*, 145 S.W.3d 506 (Mo.App. S.D.2004), this Court found jurisdiction where the issue on appeal was whether the insurance carrier had a contractual obligation to defend the employer. *Id.* at 510–11; *see also Stufflebean*, 895 S.W.2d at 116 (finding jurisdiction to review a temporary or partial award where the real issue presented was not whether there was a work-related injury, but whether Missouri courts had jurisdiction because the injury occurred in Nebraska and there was a factual dispute where the employment was contracted); *Hillenburg*, 879 S.W.2d at 656 (holding that the court had jurisdiction to review the issue of whether notice pursuant to section 287.420 of the injury was given by the employee to the employer, but the court did not have jurisdiction to review challenges to the type and amount of the award); *Smith v. Fabricated Metal Products*, 883 S.W.2d 537 (Mo.App. E.D.1994) (finding the factual issue of whether or not appellant was the employee's employer to be reviewable). The issues reviewed in these cases are threshold procedural issues in that they must be determined by the agency or the Commission before any liability can be reviewed and even before it is necessary to hear evidence of liability for the particular injury. For example, without an employee-employer relationship, there is no claim to be heard. Likewise, without proper notice of an injury to an employer, an employee has no right to make a compensation claim at all. The result is that the Commission's determination of these issues is final as it will serve as the basis for whether evidence of any liability for the injury is necessary.

The second category of cases where the court of appeals has found jurisdiction to hear an appeal of a temporary or partial award from the Commission is when the issue presented to the courts was one challenging all liability in that the employer argues there is no evidence that an injury either existed or occurred during work-related activity, thus presenting another threshold evidentiary issue. A common theme in these cases is that an employer has no notice of the injury when it occurs and they only discover a claimed work injury after employee has sought medical attention on their own. Often, the cases involve an occupational disease as opposed to an "accident" occurring in the work environment. *See Eubanks v. Poindexter Mechanical Plumbing & Heating*, 901 S.W.2d 246, 247–48 (Mo.App. S.D.1995) (finding jurisdiction when the employer claimed no evidence to show that injury was distinguishable from a pre-existing back injury); *Marrone v. Modine Heat and Transfer*, 918 S.W.2d 315, 319 (Mo. App. S.D.1996) (holding that the employer's dispute of all liability, and not the amount of compensation, was reviewable where the employer had no notice of an injury to employee's left hand, paid no medical bills, never stipulated to the injury and generally stated that there was no evidence that the injury was work-related at all); *Erickson v. Aaron's Automotive Products, Inc.*, 967 S.W.2d 661, 664 (Mo. App. S.D.1998) (finding jurisdiction to review the issue of liability where the employer contends that the threshold level of evidence sufficient to support a finding of an occupational disease arising out of work was not met); *Woodburn*, 815 S.W.2d at 481–82 (finding jurisdiction where the employer alleged that there was no evidence that the back injury occurred at work or was work-related when the employer denied liability and refused any payments for medical care or temporary payments).[6]

---

**6.** It is interesting to note that in every case mentioned above where the court found jurisdiction to review a temporary or partial award, the Commission's award was upheld.

The challenges mentioned above were challenges to the amount of evidence presented on the threshold issue of whether a work-related injury occurred at all. Because the employee is faced with the burden of proving a causal connection between the accident and the claimed injuries and must show that the injury arose out of and in the course and scope of his employment, it was deemed logical that the employer should be able to seek immediate and further review from the court of appeals. *But see Lewis,* 872 S.W.2d at 136 (rejecting on constitutional grounds the policy complaints by the employer that it was denied meaningful review in refusal to review temporary order). The cases granting limited review are distinguishable from those cases, discussed *supra,* where the employer stipulated to the work-related injury or paid medical benefits for some time before an award was issued by the ALJ.

To review, the history of cases that have discussed the jurisdictional exception to section 287.495 can be separated into four categories. The court of appeals has dismissed the appeal of a temporary or partial award of the Commission when (1) the Commission has left an issue open for determination and a decision on that issue is necessary to resolve the controversy between the parties or (2) when the appellant purports to disclaim all liability but a review of the factual circumstances indicate that the injury has been stipulated to or the employer has taken responsibility for the injury by directing or controlling the medical treatment or has compensated the employee for missed days at work. The court of appeals has addressed the merits of an appeal of a temporary or partial award of the Commission when (3) the appeal presents a threshold procedural issue that is necessarily decided before any issue of liability is ever reached or (4) when appellant contends that the threshold evidentiary burden of proof as to a work-related injury has not been met.

■ With that review, it is necessary to look to the facts of this case to determine whether this Court has jurisdiction of this appeal. Appellants argue that the dispute at hand is one of all liability such that they should not be liable for paying any compensation for this injury. It is clear that Appellants are not claiming a threshold procedural issue nor have they claimed Employee did not meet the threshold evidentiary burden of proving a work-related injury. This Court has no jurisdiction to hear the temporary or partial award of the Commission as Employer has not disputed all liability. Here, as in *Jennings,* Employer paid benefits for three months following the accident. Employee informed Employer of his injury at the time of its occurrence and from that point Appellants, in communication with Employee's doctors, directed or controlled Employee's medical care, even to the point where Appellants determined which treatments they would pay for and which they would not. Appellants also compensated Employee for time off from work while he was recuperating. Although, in their point and argument, Appellants denominated their claim as one disclaiming "all liability," the issue presented is more accurately described as a challenge to the extent and duration of the award. As there can be no appeal that challenges only the extent or duration of a temporary or partial award, this Court does not have jurisdiction to review the appeal on its merits. Employee's motion to dismiss is granted and the appeal is

dismissed.[7]

LYNCH, C.J., BARNEY, P.J., concur.

---

7. We are constrained to deny Employee's motion for the filing of a frivolous appeal, even in light of the fact that one of Appellants' points was clearly not reviewable and the other, arguably, is a claim that the Commission did not properly weigh the evidence. Nevertheless, because of the colorable claim denying liability, we shall not grant damages for a frivolous appeal.