Caren BRASWELL, Plaintiff–
Respondent,

v.

**MISSOURI STATE HIGHWAY PATROL, Defendant–
Appellant,**

and

**Treasurer of the State of Missouri, as Custodian for the Second Injury Fund, Defendant–Respondent.**

No. 28465.

Missouri Court of Appeals,
Southern District,
Division Two.

April 14, 2008.

---

Mary O. Thompson, Springfield, for Appellant.

William W. Francis, Jr., Ryan E. Murphy, Springfield, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

The Missouri State Highway Patrol ("Employer") appeals the grant of temporary benefits to Caren Braswell ("Employee"), as a result of injury incurred while Employee was on duty as a trooper for Employer. Employer makes two claims of error, first:

> The Commission erred in allowing Employee to escape the requirements of § 287.120.8 RSMo (1992) on appeal from the ALJ's ruling, because in so doing, the Commission allowed Employee to mislead and surprise Employer by pleading one theory of compensability and recovering under another, in that the theory of compensability Employee advanced in the Claim for Compensation and at the Hardship Hearing was based on extraordinary and unusual stress under § 287.120.8 RSMo (1992).[1]

Employer's second point of error contends:

> The Commission erred in reversing the ALJ's ruling because the finding that Employee's mental injury was caused by the tasing incident on February 1, 2004, is against the overwhelming weight of the evidence, in that the evidence, taken as a whole, does not support this finding of causation.

Mindful that this is an appeal from a temporary award, we find that neither of Employer's points state a claim of error which this Court can review; thus, we dismiss the appeal.

Employer's first claim of error takes issue with the process followed by the Labor and Industrial Relations Commission ("the Commission") in reviewing the ruling of the Administrative Law Judge ("ALJ"). Specifically, Employer argues that the pleading's, Employee's Claim for Compensation's, "original and exclusive theory of recovery at the Hardship Hearing was under the statute governing work stress claims— § 287.120.8 RSMo (1992)." Employer states that Employee's trial brief used "specific terms of art taken directly from § 287.120.8"; Employer supports its complaint with cites to trial testimony concerning the "unusual," "extraordinary," and "stressful" events which led to the claim for workers' compensation benefits. Employer claims "surprise" by Employee's abandonment of its theory on appeal to the Commission. Employer further states that Employee changed her theory of compensability, "in effect at-

---

1. All references to statutes are to RSMo 2000, unless otherwise specified. All rule references are to Missouri Court Rules (2007), unless otherwise specified.

tempting to amend the Claim after the close of the evidence" and further complains that the Commission "chose not to address this issue." Employer misunderstands our standard of review.[2]

■ With few exceptions, our review is of the final award of the Commission, and not that of the ALJ. Section 287.495.1; *Muller v. St. Louis Housing Authority*, 175 S.W.3d 191, 194 (Mo.App. E.D.2005). The only record reviewed by this Court is that which is certified by the Commission as containing all documents and papers in its file concerning the claim being reviewed. *Miller v. Penmac Personnel Services, Inc.*, 68 S.W.3d 574, 578 (Mo.App. S.D. 2002).[3] If, as here, the award of the Commission attaches and incorporates an award and decision of the ALJ, we may consider the findings, but only so far as they are consistent with the decision of the Commission. *Booth v. Trailiner Corp.*, 21 S.W.3d 869, 871 (Mo.App. S.D.2000). Appellate review of a final award of the Commission is directed to questions of law. Section 287.495.1.[4] An award of the Commission must be affirmed if the evidentiary record contains sufficient competent evidence to support the award. *Id.* The whole record is considered to determine if there is sufficient competent and substantial evidence to support the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). Fur-

thermore, "[w]e accord the [C]ommission the same deference that is due to the court's judgment in a non-jury trial and are obliged to affirm if there is basis in the record for the decision." *Parker v. Springfield Ry. Services/Anheuser–Busch, Inc.*, 897 S.W.2d 103, 108 (Mo.App. S.D. 1995).

■ In addition to our limited standard of review, we have further restraints on our ability to review decisions of the Commission. As noted, this is a review of an award from a hardship hearing. In a workers' compensation case, this Court has no appellate jurisdiction except as expressly conferred by statute. *Id.*

Section 287.495 authorizes an appeal from the "final award of the [C]ommission" to the appellate court. "A 'final award' is one which disposes of the entire controversy between the parties." *Hillenburg v. Lester E. Cox Medical Center*, 879 S.W.2d 652, 655 (Mo.App. S.D.1994).[ ] "An order lacks finality where it remains tentative, provisional, contingent, subject to recall, revision or reconsideration by the issuing agency." *Id.* at 655 (*citing Lewis v. Container Port Group*, 872 S.W.2d 134, 136 (Mo. App. E.D.1994); *Blanford v. Robinett's Motor & Truck Serv., Inc.*, 865 S.W.2d 874, 876 (Mo.App. E.D.1993)). "No appeal lies from a temporary or partial award" made pursuant to section

---

**2.** Employer actually failed to even state the standard of review in its brief per Rule 84.04(e). Perhaps a review of that standard of review would have alerted Employer to the deficient claim of error.

**3.** We note several cases overruled by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003). To the extent they are in conflict with the holding therein, they are cited in support of principles of law not affected by the *Hampton* ruling. *Id.* at 224–32.

**4.** Section 287.495 states in pertinent part,

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the [C]ommission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the [C]ommission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

287.510. *Hillenburg*, 879 S.W.2d at 655–56.

*Alcorn v. McAninch Corp.*, 236 S.W.3d 111, 114 (Mo.App. S.D.2007). Without jurisdiction, an appeal must be dismissed. *Muller*, 175 S.W.3d at 193. We have a duty to determine sua sponte whether we have jurisdiction to hear an appeal. *Id.*

As we further noted in *Alcorn*, there are two exceptions to the rule that temporary awards are unreviewable:

First, where an award designated "temporary and partial" is not entered pursuant to section 287.510 but is an award of permanent total disability pursuant to section 287.200.2. *Abrams v. Ohio Pac. Express*, 819 S.W.2d 338, 343 (Mo. banc 1991); *Smith v. Ozark Lead Co.*, 741 S.W.2d 802, 808–10 (Mo.App. S.D. 1987).

*Alcorn*, 236 S.W.3d at 114–15. That exception is not at issue in this case. The second judicially-created exception allows for a limited review

where an employer claims it is not liable for paying any compensation and is disputing all liability. *See e.g., Woodburn v. May Distrib. Co.*, 815 S.W.2d 477, 480 (Mo.App. S.D. 1991); *Hillenburg*, 879 S.W.2d at 656; *Stufflebean v. Crete Carrier Corp.*, 895 S.W.2d 115, 116 (Mo.App. W.D. 1995). Thus, it has been stated, "a court can review the issues on which liability turns, such as notice or whether an employee's injuries are work-related." *See generally Korte v. Fry–Wagner Moving & Storage Co.*, 922 S.W.2d 395, 398 (Mo.App. E.D. 1996) (internal citations omitted); *Hillenburg*, 879 S.W.2d at 656; *Eubanks v. Poindexter Mechanical Plumbing & Heating*, 901 S.W.2d 246, 247 (Mo.App. S.D. 1995).

*Id.* at 115.

In support of its first point, Employer cites a case in which the appellate court affirmed an award in favor of an injured worker for permanent total disability and nursing services. *See Groce v. Pyle*, 315 S.W.2d 482 (Mo.App.K.C.1958). Employer cites *Groce* for the general proposition that "[a] sense of fairness and understanding requires that not only an employer but also the Commission be advised of the nature of the employee's claim." *Id.* at 492–93. First, the quote from *Groce* does not assist Employer. Before us is an appeal from a hardship hearing, not the final award as in *Groce*. Second, Employer does not contend that the Commission was misled; it complains that the ALJ was confused by Employee's pleadings. *Groce* is not on point.

In this case, the Commission specifically noted: "The [ALJ] denied benefits by applying the provisions of section 287.120.8 RSMo, to conclude that [E]mployee did not sustain an injury due to an accident arising out of and in the course of her employment." The Commission then analyzed section 287.120.8 and stated that it did not apply in a case involving a mental injury arising from a traumatic event and that Employee's claim was based upon an incident that occurred on February 1, 2004. Thus, the Commission determined that "[i]f [E]mployee's claim of mental injury can be proven to be based upon the traumatic [event], and not from work[-]related stress, the compensability of [E]mployee's claim must be determined under section 287.120.1." Thus, the Commission determined that the ALJ was wrong in its legal analysis on an issue raised by Employee in her petition for review and on Employee's original claim. Employer is not challenging any liability for benefits in its first point; it is challenging the administrative process the Commission used to reach its conclusions of law. Such a claim of error in this award for temporary benefits is unreviewable by this Court and we have no jurisdiction to review the claim. Point I is dismissed.

Likewise, Employer's second point is unreviewable. Employer contends that the finding that Employee's mental injury was caused by an incident on February 1, 2004, is against the overwhelming weight of the evidence in that the evidence, taken as a whole, does not support a finding of causation. The point violates Rule 84.04(d)(2)(C) because it fails to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." When briefs are not in conformity with the applicable rules, they do not sufficiently advise the courts of the meritorious issues presented. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). This Court is then forced to decide a case based on inadequate briefing and is asked to take on an advocacy role by "undertaking additional research and briefing to supply the deficiency." *Id.* This is a role this Court will not assume.

While Employer may raise the issue that it is denying all liability, thus providing jurisdiction for review, " '[a]rguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review.' " *State ex rel. Greene County v. Barnett,* 231 S.W.3d 854, 857–58 (Mo. App. S.D.2007) (*quoting Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo.App. E.D. 1996)). The error in the point relied on and the reliance on its argument in the brief are particularly troubling in this case because Employer's argument fails to flush out the factual basis for Employer's claim that the overwhelming weight of the evidence as a whole does not support a finding of causation and it is further contradicted by Employer's claim in its first point. Employer argued it was prejudiced in its first point in that "[i]n preparation for the Hardship Hearing, *counsel for Employer made a strategic decision not to hire an expert witness to refute medical causation,*" yet in its second point Employer contends the decision on medical causation was against the overwhelming weight of the evidence. To support that contention, Employer relies upon "a common sense determination" about the cause of Employee's current mental condition.

The Commission rejected Employer's "common sense" argument, specifically noting:

[t]he Commission does not agree with the contention of [E]mployer that even a lay person unfamiliar with medical intricacies could see that Employee's mental stress disorder was not caused by the tasing incident of February 1, 2004. In order to make such a finding, the Commission would need to disregard and ignore testimony from three experts in the field, and the Commission's opinion would be based on mere personal conjecture unsupported by competent evidence.

The Commission further stated, "[c]learly[,] medical causation concerning a medical condition such as post-traumatic stress disorder and major depression are not within common knowledge or experience of lay people, and such mental disorders must be established by scientific or medical evidence showing a cause and effect relationship, or lack thereof." The Commission is correct that it could not rely on personal conjecture unsupported by competent evidence. *Houston v. Roadway Express, Inc.,* 133 S.W.3d 173, 179 (Mo. App. S.D.2004).

Finally, in support of its "argument," Employer failed to cite one single case where "common sense" was sufficient to overcome the testimony of three experts on the issue of causation. " 'If a party fails to support a contention with relevant authority or argument beyond conclusions,

the point is considered abandoned.'" *Barnett*, 231 S.W.3d at 858 (*quoting Luft*, 935 S.W.2d at 687). As noted, the Commission explicitly rejected Employer's claim that common sense could overcome the experts' opinions on causation and yet Employer persists in its argument in this Court. While it is somewhat baffling that Employer would pursue the same legal argument with no legal support in this Court that it did unsuccessfully with the Commission, our immediate concern is whether Employer's claim should be reviewed at all.

As we noted in *Alcorn*, a narrow, judicially-created exception to the need for a final judgment has been cited. In such a situation, we

> must commit some inquiry into the facts of a case in order to determine whether jurisdiction exists despite the facial denial of any liability by the employer on appeal. Where an order lacks finality, "it remains tentative, provisional, contingent, subject to recall, revision or reconsideration" and this Court has no jurisdiction to hear such an appeal. *Hillenburg*, 879 S.W.2d at 655.

*Alcorn*, 236 S.W.3d at 117.

This Court has indicated in the past that we have jurisdiction to review cases in which the employer challenges all liability; however, as we noted in *Alcorn*, although the exception is generally stated, the cases have dismissed the appeal or affirmed the temporary judgment. *Id.* at 118 n. 6. In *Marrone v. Modine Heat and Transfer*, 918 S.W.2d 315 (Mo.App. S.D.1996), this Court reviewed appellate decisions allowing a limited review of liability in an appeal from a hardship hearing. *Id.* at 317–18. We noted, "[a]lthough [the review of liability in a temporary or partial award of

workers' compensation benefits] goes beyond the Supreme Court's holding in *Abrams*, 819 S.W.2d 338, we note the Supreme Court denied applications for transfer in *Hillenburg*, 879 S.W.2d 652, and *Stufflebean*, 895 S.W.2d 115.[5]" *Id.* at 318. In this appeal, we continue to voice our skepticism of our jurisdiction to review the appeals from temporary orders without any statutory authority to do so. The policy reasons for such a review may be sound, but the legislature has not created an exception for review from a hardship hearing.

In any event, given the record before us, we find it inappropriate to expand a judicially-created exception of the need for a final judgment in this case where (1) the point relied on does not comply with Rule 84.04 in that it fails to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error," (2) the argument gives absolutely no indication of what evidence supports its claim that an examination of the record does not support causation but instead relies on "common sense," and (3) Employer provides no law to support its claim that the trier of fact may use "common sense" as sufficient evidence to rebut the evidence proffered by three experts. We decline to exercise our discretion, if we have any, to review Employer's second point. The appeal is dismissed.

LYNCH, C.J., BURRELL, J., concur.

**5.** No application for transfer was made in *Woodburn*, 815 S.W.2d 477, or *Smith v. Fabri-cated Metal Products*, 883 S.W.2d 537 (Mo. App. E.D.1994).