Brian G. COOPER, Respondent,

v.

HARTWIG TRANSIT INCORPORATED, Appellant.

No. SD 28973.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 19, 2008.

Dale M. Weppner, St. Louis, MO, for Appellant.

Stephen L. Taylor, Sikeston, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

Hartwig Transit, Inc. ("Employer") appeals the Department of Labor and In-

dustrial Relations Commission's ("Commission") Order dismissing Employer's Application for Review of the Administrative Law Judge's ("ALJ") Temporary or Partial Award of benefits to Brian Cooper ("Claimant"). We dismiss the appeal because we have no statutory authority to review the Commission's decision to deny an employer's request that it review an ALJ's Temporary or Partial Award.

## I. Facts and Procedural Background

Claimant, an employee of Employer, filed a claim for compensation under the Missouri Worker's Compensation Act alleging he sustained work-related injuries to his back. Over the course of a year, Claimant filed several requests for hearing. Those requests alleged, in essence, that Employer was denying him the benefits he was entitled to receive. The last hearing request form Claimant filed (the form at issue in this case) was denominated "REQUEST FOR HEARING— HARDSHIP OR § 287.203 [1] HARDSHIP HEARING." The form required the claimant to indicate which type of hardship hearing was being requested by checking either the box marked " § 287.203" or the box marked "Other." Claimant checked the box marked " § 287.203." In another box asking the claimant to "state all issues to be resolved by hearing," Claimant wrote: "[t]o obtain medical treatment which is being denied by the employer."

In response to this request for hearing; Employer filed a Motion in Opposition to Request for Hardship Hearing, arguing that a claim that an employer was denying medical treatment was not the type of claim that could be brought under section 287.203. The ALJ denied Employer's mo-

tion opposing the request for hearing and treated Claimant's request as a request for a trial on Claimant's earlier requests for an award of temporary benefits. At that hearing, the parties stipulated, *inter alia,* that Claimant: 1) was an employee covered by the Worker's Compensation Act; 2) was injured during the course of his employment; and 3) was entitled to compensation, some of which had already been paid by Employer. Based on the evidence received at this hearing, the ALJ entered a Temporary or Partial Award dated September 25, 2007.

Following that award, Employer filed an Application for Review with the Commission. That application sought review of the "award, decision or order" of the ALJ "issued on the 25th day of September, 2007." Claimant filed a Motion to Dismiss Employer's Application for Review and Employer filed a response thereto. The Commission granted Claimant's motion to dismiss Employer's application for review and Employer now seeks appellate review of that order of dismissal.

## II. Discussion

Appellate jurisdiction in worker's compensation cases is governed by statute. *Jennings v. Crestside Heating & Cooling,* 142 S.W.3d 843, 845 (Mo.App. E.D.2004). "Section 287.495 authorizes an appeal from the 'final award of the [C]ommission' to the appellate court. A 'final award' is one which disposes of the entire controversy between the parties." *Hillenburg v. Lester E. Cox Med. Ctr.,* 879 S.W.2d 652, 655 (Mo.App. S.D.1994). "An order lacks finality where it remains tentative, provisional, contingent, subject to recall, revision, or reconsideration by the issuing agency." *Id.* at 655.

---

1. All references to statutes are to the Missouri Revised Statutes (2000) unless otherwise indicated.

■ Here, there is no dispute that the ALJ issued a temporary or partial award as opposed to a "final award." Employer argues, however, that they are not appealing the temporary or partial award, but rather are appealing the Commission's dismissal of their Application for Review. Employer argues the Commission failed to address the critical "threshold procedural issue" of whether the ALJ exceeded his statutory authority in holding a hearing for a temporary award based on a request for hearing form that indicated it was seeking a section 287.203 hardship hearing. Employer contends this decision by the ALJ is the sort of "threshold procedural issue" that qualifies for appellate review under the principle announced in *Alcorn v. McAninch Corp.*, 236 S.W.3d 111 (Mo.App. S.D.2007).

Employer cites to *Alcorn* for the proposition that when a "threshold procedural issue" is raised, it "must be decided by the Commission before any liability can be reviewed." Thus, Employer contends that whether the ALJ exceeded his authority in issuing a temporary award order when a section 287.203 hardship hearing was requested amounts to a "threshold procedural issue" that the Commission was required to review pursuant to *Alcorn* and that its failure to do so may be directly appealed to this Court. Employer's reliance on *Alcorn* is misplaced.

In *Alcorn*, this Court stated that as an exception to the general rule that an appellate court lacks "jurisdiction" to hear appeals based upon temporary or partial awards, "a court can review the issues on which liability turns, such as notice or whether an employee's injuries are work-related." 236 S.W.3d at 115. We first note that *Alcorn* deals with an appellate court's ability to review temporary orders entered by the Commission; it does not apply to the Commission's decision to grant or deny an employer's request that it review a temporary or partial award entered by an ALJ.

■ In its order dismissing Employer's application for review, the Commission correctly pointed out that its decision to review a temporary award entered by an ALJ is governed by 8 CSR 20-3.040. That regulation states that the Commission will review a temporary award issued by an ALJ only if the employer denies all liability for the payment of any compensation. Employer sought review of the Temporary or Partial Award entered by the ALJ on September 25, 2007. That award was entered after a hearing during which Employer stipulated that Claimant's injury was compensable and that Employer was only litigating what the *amount* of that compensation should be. Therefore, even if the exception to the non-reviewability of temporary orders announced in *Alcorn* did apply to the Commission's decision to grant or deny its own review, Employer's admission of liability would have negated its applicability here.

The Commission's denial of Employer's Application for Review is not a "final award" and does not dispose of the entire controversy between the parties. For that reason, section 287.495 does not grant this Court any authority to review Employer's claim of alleged error, and its appeal is hereby dismissed.

LYNCH, C.J., and RAHMEYER, J., Concur.